No. 60,934

THE BOARD OF COUNTY COMMISSIONERS OF OSAGE COUNTY, KANSAS, *Appellee,* v. MARIAN M. BURNS, CLYDE M. BURNS, STEPHEN JONES, DELTON GILLILAND, FREDERICK W. GODDERZ, JANET STOUT, CALVIN K. WILLIAMS, and ADRIAN M. FARVER, *Appellants.*

(747 P.2d 1338)

Opinion filed January 15, 1988.

*Stephen Jones,* of Coffman, Jones & Gilliland, of Lyndon, argued the cause and was on the brief for the appellants.

*James W. Lusk,* county attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.:    This is a declaratory judgment action brought by the Board of County Commissioners of Osage County against Marian M. Burns and other practicing attorneys and members of the Osage County Bar Association who regularly accept appointments to represent indigent defendants charged with mis-

demeanor offenses in Osage County. Two issues are involved—whether the county has a legal obligation to pay the fees of attorneys who are appointed to represent indigent defendants charged with misdemeanors and traffic infractions in the district court of Osage County, and whether the district court has authority to set attorney fees in such cases.

By way of background, the Board of County Commissioners of Osage County included in its budget for 1987 a sum of money to compensate attorneys appointed in that county to represent indigent defendants charged with misdemeanors and traffic infractions, and for legal services performed by appointed attorneys under the Kansas Code for Care of Children and the Kansas Juvenile Offenders Code. The budgeted sum was computed and based upon the rate of $30 per hour for such services.

Early in 1987, judges in Anderson and Coffey Counties entered general orders establishing compensation for the hourly fees of appointed counsel in those counties at $68 per hour. Following the entry of that order, one or more of the defendants in this case submitted claims to the Board of County Commissioners of Osage County for services rendered for indigent defendants charged with misdemeanors in that county, seeking payment at the rate of $68 per hour. On March 24, 1987, the Board of County Commissioners of Osage County commenced this declaratory judgment action, joining as defendants all of the practicing attorneys and members of the Osage County Bar who regularly accept appointments to represent indigent persons charged with misdemeanors in Osage County. The Board sought a declaratory judgment to determine whether the Board has any legal duty to pay claims submitted by Osage County attorneys for services rendered in representing indigent defendants charged with misdemeanors, and, if so, whether the Board must pay claims at the rate of $68 per hour for those claims and for attorneys appointed under the Kansas Code for Care of Children, K.S.A. 38-1501 *et seq.*, the Kansas Juvenile Offenders Code, K.S.A. 38-1601 *et seq.*, and other statutes, if any, providing for the payment of fees and expenses of appointed attorneys. Defendants answered, asserting numerous defenses, and filed a counterclaim seeking an order directing the Board to pay appointed counsel $68 per hour.

The trial court, in its memorandum decision, held that the Board of County Commissioners has no obligation to pay attorneys for their services in representing indigents charged with misdemeanors, but that the Board might, if it so desires, pay for such services in an amount which the Board approves. The court further held it is authorized to fix a reasonable fee for the services of attorneys appointed in actions filed under the Code for Care of Children and the Juvenile Offenders Code, K.S.A. 38-1505(e) and K.S.A. 38-1606(c), and for attorneys appointed to represent proposed patients under the treatment act for mentally ill persons, K.S.A. 1986 Supp. 59-2901, K.S.A. 59-2934. The court, however, declined to determine what a reasonable fee for juvenile and care and treatment cases should be, leaving that to the judge sitting on each case. The defendants then perfected this appeal.

The first and primary issue is whether the county has a legal obligation to pay legal fees of attorneys who are appointed to represent indigent defendants charged with misdemeanors and traffic infractions in Osage County. In our recent opinion in the case of *State ex rel. Stephan v. Smith,* 242 Kan. 336, 747 P.2d 816 (1987), we examined and determined many related questions, and we will not repeat here our discussion in that case. We pointed out that indigent defendants who are charged with misdemeanors must be provided with counsel when imprisonment is a real possibility. No person may be imprisoned for any offense, whether a felony, misdemeanor, or traffic offense, unless he or she was represented by counsel or knowingly and intelligently waived counsel at trial. *Argersinger v. Hamlin,* 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972), *cited in State ex rel. Stephan v. Smith,* 242 Kan. at 350. The responsibility to provide counsel is a public responsibility that is not to be borne entirely by the private bar.

The United States Supreme Court opinions set forth the rules requiring counsel, but the opinions do not dictate how counsel is to be provided, or how or if counsel is to be paid. Those matters are left to the states. In Kansas, indigent defendants charged with felonies have been provided with counsel since 1855. See Laws of the Territory of Kansas 1855, ch. CXXIX, art. V, § 4. Section 10 of the Bill of Rights of the Kansas Constitution provides in part

that the accused shall have the right to appear and defend in person or by counsel. The assignment of counsel for indigent defendants charged with felony offenses was provided by G.S. 1868, ch. 82, § 160. As Justice Kaul observed in his opinion in *State v. Young*, 196 Kan. 63, 69, 410 P.2d 256 (1966), "[b]oth the legislature and this court have spoken on numerous occasions to further implement the constitutional mandate" found in Section 10 of the Bill of Rights.

The original enactments directing the appointment of counsel contained no provision for payment for counsel's services. In the early opinion of this court in *Case v. Board of County Commissioners*, 4 Kan. *511 (1868), the county had refused to pay an appointed attorney for his services. The district court affirmed the decision of the Board. This court affirmed, stating, "The law makes provisions for such appointments, but not for any compensation. Whether this is the result of oversight, or design, is alike immaterial; the fact is fatal to the [attorney's] claim." 4 Kan. at *513. *Case* was specifically overruled in *State ex rel. Stephan v. Smith*, 242 Kan. at 361.

The first statutory authorization of payment came in 1941 with a provision that an attorney appointed to represent an indigent defendant be paid $10 per day from the county general fund. See L. 1941, ch. 291, § 1, later codified as G.S. 1949, 62-1304. That section made the appointment of counsel mandatory for any indigent defendant about to be arraigned upon an indictment or information charging any offense against the laws of this state. The statute was amended in 1953 to provide for the payment of all expenses and a fee of not over $300 for appointed counsel to represent an indigent defendant in an appeal, whenever the defendant was convicted of murder in the first degree and was sentenced to death. L. 1953, ch. 282, § 1. All of the fees so provided were to be paid from the general fund of the county. In 1963, the statute was again amended. L. 1963, ch. 305, § 1. That statute provided for the payment of a reasonable fee for trial counsel, the same to be fixed by the trial judge and paid from the county general fund. The fee for counsel on appeal remained limited to $300. In 1968, the statute was again amended and the $300 limit for fees of appellate counsel was removed. L. 1968, ch. 130, § 1.

K.S.A. 1968 Supp. 62-1304 was repealed in 1969 by L. 1969, ch. 291, § 16. That act created the board of supervisors of panels to aid indigent defendants, the forerunner of our present indigent defense services act, K.S.A. 22-4501 *et seq.* The 1969 statute, like the present act, provided for payments to attorneys to represent indigent defendants charged with or convicted of felony offenses only. No provision is made in either act for the payment of counsel for indigent defendants charged with misdemeanors. While both acts provide for the creation of a list of attorneys "to represent indigent persons accused of crimes," both acts provide only for the payment out of state funds of attorneys appointed to represent defendants charged with felonies. See L. 1969, ch. 291, §§ 3 and 7, and K.S.A. 1986 Supp. 22-4503, -4507. The State Board of Indigents' Defense Services, created in 1982 (see K.S.A. 1986 Supp. 22-4519) has adopted extensive regulations, one of which, K.A.R. 105-1-1(b), reads in part:

"Legal representation at state expense shall not be provided in the following types of cases:

. . . .

"(3) services on behalf of a defendant charged with a misdemeanor or a defendant appealing a misdemeanor conviction."

Thus, the State has assumed responsibility to pay attorneys appointed to represent indigent defendants accused of felonies, but has not assumed the burden of paying attorneys appointed in misdemeanor cases.

The United States Supreme Court has determined that certain persons are entitled to counsel; as we noted earlier, these include persons accused of misdemeanors when imprisonment is a genuine possibility. The responsibility of providing counsel is, as we held in *Smith,* that of the State or the public; it not a responsibility to be shouldered entirely by the private bar. As we concluded in *Smith,* the State has the obligation to furnish counsel and "to pay appointed counsel such sums as will fairly compensate the attorney, not at the top rate an attorney might charge, but at a rate which is not confiscatory, considering overhead and expenses. The basis of the amount to be paid for services must not vary with each judge, but there must be a statewide basis or scale." *State ex rel. Stephan v. Smith,* 242 Kan.

at 383. The State may provide a plan for furnishing all counsel for indigent defendants in criminal cases, or it may divide the responsibility with the counties.

The Board of County Commissioners of each county is responsible by law for all expenses incurred for the operation of the district court in the county except those expenses required by law to be paid by the state. K.S.A. 20-348. The legislature has provided for the payment of counsel for the indigent in felony cases but not in misdemeanor cases and, thus, that expense falls upon the counties. The entire expense of the court system, except the salary of judges and court reporters, was traditionally borne by the counties. The legislature has in recent years enacted laws requiring that the State shoulder more of that expense, including payment of most if not all salaries of court personnel, but it has not provided for the payment of the fees with which we are now concerned. We conclude that the county has a legal obligation to provide counsel for indigent defendants who are charged with misdemeanor offenses when imprisonment is a real possibility and to pay fees to such appointed counsel.

The county must have a system in place. It may contract for the services of attorneys; it may continue to budget funds for payment of counsel fees, in cooperation with the administrative judge, based upon the anticipated number of appointments and expected time required; or it may resolve the problem in other ways. But the responsibility for providing counsel for indigents charged with misdemeanors has been left by the legislature to the county, and the obligation is thus that of the county.

The final issue is whether the judges of the district court have authority to fix attorney fees in such cases. Traditionally, the judges have fixed or approved the fees of attorneys engaged in many types of court proceedings such as in the administration of estates or in partition actions, and in the juvenile and care and treatment cases mentioned by the trial judge. Payment of fees for attorneys appointed to represent persons charged with felonies is conditioned upon the approval by the appropriate judge of the amount claimed. See K.S.A. 1986 Supp. 22-4507(b) and K.A.R. 105-5-1. Heretofore, the county has paid the fees of attorneys appointed to represent indigents charged with misdemeanors.

The fee has been based upon the scale adopted by the State Board of Indigents' Defense Services. We hold that the county is not required to pay more than the hourly rate fixed for attorneys representing indigents in felony cases for attorneys representing indigents in misdemeanor cases. The scale for such payment should be resolved by the administrative judge, in cooperation with the Board of County Commissioners, as a part of the budget process mandated by K.S.A. 20-349. The rate of compensation so fixed should apply to all appointments of counsel for indigent misdemeanor defendants within the county. The rate should fairly compensate the attorney, not at the top rate an attorney might charge, but at a rate which is not confiscatory, considering the attorney's overhead and expenses. The hourly rate fixed by the state for felony representation, to be determined under the same guidelines, could well establish the rate for misdemeanor representation.

Until the next fiscal year, the county must continue to pay fees of attorneys appointed to represent indigent defendants charged with misdemeanors in the county at the rate or rates fixed by the State Board of Indigents' Defense Services.

The judgment is reversed.