Nos. 73,779
73,781
73,782

In the Matter of the Care and Treatment of
JAMES RABORN, LEROY V. HENDRICKS, and ROBERT M. NELSON.
(916 P.2d 15)

Opinion filed April 19, 1996.

*Allison McKenney Brown*, assistant county counselor, argued the cause, and *Stephen B. Plummer*, county counselor, was with her on the briefs for intervenor/ appellant Board of County Commissioners of Sedgwick County.

*Thomas J. Weilert*, of Wichita, argued the cause and was on the brief for appellee James Raborn, and *E. Jay Greeno*, of Greeno & Boohar, of Wichita, was on the brief for appellees James Raborn and Robert M. Nelson.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were on the brief for the State.

The opinion of the court was delivered by

ALLEGRUCCI, J.: The Board of County Commissioners of Sedgwick County, Kansas (County), appeals from the judgment of the district court which requires the County to pay the fees of appointed counsel and expert witnesses in actions brought by the State under the Sexually Violent Predator Act, K.S.A. 59-29a01 *et seq.* (Act). The County also disputes the fee rates approved by the district court. Three actions brought by the State under the Act are consolidated on appeal as case Nos. 73,779, 73,781, and 73,782. The County is the intervenor/appellant in each of the actions; re-

spondents' counsel have filed the appellees' briefs; and, even though it has filed an appellate brief, the State takes no position with regard to which government entity should be responsible for paying fees associated with proceedings under the Act. The matter was transferred from the Court of Appeals to this court pursuant to K.S.A. 20-3018(c).

Two issues are raised on appeal:

1. Should the County be held responsible for payment of fees for appointed counsel and expert witnesses under the Act?

2. Did the County acquiesce in the judgment of the district court by paying certain fee claims and paying at the rates set by the district court?

Appointment of counsel was handled in a consolidated fashion in the district court in Sedgwick County for the respondents in four separate sexual predator cases. The request for approval of fees was handled in the same way, as was the district court's order granting the requests.

The four respondents were James Raborn, Richard Beam, Leroy Hendricks, and Robert Nelson. The petitions against Raborn and Nelson were dismissed following evaluations at Larned State Security Hospital. Hendricks was determined by a jury to be a sexually violent predator, and that decision was reversed on appeal when the Act was declared unconstitutional. *In re Care & Treatment of Hendricks*, 259 Kan. 246, 912 P.2d 129 (1996). According to appellees' counsel, Beam was discharged when the jury failed to reach a unanimous verdict. The State filed a motion for new trial, which was pending at the time the district court's journal entry awarding fees was filed. The appeal which had been filed in Beam's case was dismissed by the Court of Appeals in July 1995.

We first consider whether the County should be held responsible for payment of fees for appointed counsel and expert witnesses under the Act. The district court judge adopted the findings and conclusions of the assigned district judge with regard to which government entity should pay fees for appointed counsel and expert witnesses under the Act. Findings pertinent to the issues on appeal include the following:

"5. That the rate of payment for counsel in the above-captioned cases of one hundred dollars ($100.00) per hour for out-of-court time and one hundred twenty five dollars ($125.00) per hour for in-court time is appropriate given the nature of the litigation and the uniqueness of the cases and so orders that rate of payment in the above captioned cases for all services rendered to date.

"6. That Sedgwick County does not object to the amount of fees and expenses submitted by Dr. William Logan of Logan and Peterson, P.C., submitted for expert witness services in the above captioned cases and therefore orders payment of five thousand three hundred thirty one dollars and eighty six cents ($5,331.86) to the same.

"7. That Sedgwick County has had an opportunity to review the statements for legal fees and expenses submitted by the Movants, and has found the claims to be reasonable in their entirety.

"Therefore the Court orders that Sedgwick County shall pay attorney fees and expenses as follows: E. Jay Greeno of Greeno & Boohar, fourteen thousand four hundred twenty five dollars and seventy four cents ($14,425.74), Thomas J. Weilert, Attorney at Law, fourteen thousand five hundred seventy five dollars and fifteen cents ($14,575.15), Laura B. Shaneyfelt of Focht, Hughey & Calvert, sixteen thousand two hundred eight dollars and fifty cents ($16,208.58) [sic], Roger L. Falk, Law Offices of Roger L. Falk, P.A., one thousand three hundred eighty eight dollars and forty five cents ($1,388.45), and Paige A. Nichols, Monnat & Spurrier, Chartered, one thousand six hundred twenty five dollars ($1,625.00). The Movants shall be entitled to interest on the above judgments pursuant to K.S.A. 16-204(e)(1) and amendments thereto.

"The Court further finds that the cases of Leroy V. Hendricks, 94 P 964, and Richard L. Beam, 94 P 963, are currently in post-trial litigation and appeal and that the interest of justice requires that the above-mentioned Respondents have counsel for said litigation and appeal. Therefore the Court orders that the trial counsel for the Respondents in all post trial litigation and appellate matters should be reimbursed by Sedgwick County for all reasonable expenses and attorney fees at the rate of fifty dollars ($50.00) per hour for preparation time; sixty five dollars ($65.00) per hour for in-court time."

The assigned district judge held that the Act is civil in nature. With no additional reasoning, the assigned district judge concluded that "[o]n the matter of necessary and reasonable expenses, costs and attorney fees, as set out in the Act, Sedgwick County will be obligated to provide funds as per court orders to be issued herein." This court's review of conclusions of law is unlimited. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

On appeal, the County first contends that the nature of this action can be one of only two options—civil or civil arising out of

criminal. The County analogizes actions under the Act to K.S.A. 60-1507 proceedings and relies on *Stahl v. Board of County Commissioners*, 198 Kan. 623, 426 P.2d 134 (1967). The conclusion which the County urges this court to draw is that an action under the Act is civil because it is collateral to a criminal conviction.

In *Stahl*, we held that 60-1507 proceedings function as part of the review process for criminal convictions and that the county was liable for payment of appointed counsel's fees because it was liable for criminal defense fees. At that time, appointment of counsel was required by Supreme Court Rule 121 (194 Kan. xxviii) if a 60-1507 motion presented substantial questions, but there was no specific provision for compensation of appointed counsel. 198 Kan. at 624-25. K.S.A. 62-1304 (Corrick), however, provided that counsel appointed for a criminal defendant should receive a reasonable fee, which would be paid from the general fund of the county. 198 Kan. at 626. In *Stahl*, therefore, the county argued that a proceeding under K.S.A. 60-1507 was a civil matter to which 62-1304 did not apply. 198 Kan. at 626. The court disagreed:

"[W]e do not intend to say that the post-conviction remedy contemplated by K.S.A. 60-1507 is a criminal action in every respect. Indeed, procedurally, we believe it is governed by civil rules. In a substantive aspect, however, and especially in respect to the appointment and compensation of counsel for an indigent prisoner at trial and appellate levels, we deem the proceeding a part of the criminal cause from which the proceeding arose.

"Since K.S.A. 62-1304 provides that the county shall compensate trial counsel assigned to assist an indigent accused, we deem the court below was correct in ordering the defendant Board to allow Mr. Stahl's claim." 198 Kan. at 628.

K.S.A. 62-1304 (Corrick), which made counties liable for indigent criminal costs, was later repealed and replaced with the Indigent Defense Services Act, K.S.A. 22-4501 *et seq.*, which shifted payment responsibility to the State Board of Indigents' Defense Services. L. 1969, ch. 291. The County insists that 60-1507 actions and actions under the Act both are actions of a civil nature arising out of felony criminal convictions and that responsibility for fees incurred in these actions is determined by responsibility for fees incurred in defending against the criminal charges. Under K.S.A. 22-4501 *et seq.*, fees incurred in an indigent's defense against crim-

inal charges are borne by the State. Thus, the County's argument concludes, the State pays for 60-1507 representation and, by analogy, also must pay for representation of indigent respondents in sexual predator proceedings.

We do not agree with the County's analogy. The purpose of a 60-1507 action is to attack a criminal conviction or resulting sentence. It is prosecuted by the defendant and perpetuates the process of reviewing the conviction or sentence. The purpose of a proceeding under the Act is commitment of the respondent, who may or may not have been convicted of a criminal offense. It is prosecuted by the government, does not raise questions about respondent's conviction and sentence, if they exist, and is not part of the review process. Even if both 60-1507 actions and proceedings under the Act could fairly be characterized as proceedings collateral to a criminal conviction, as the County urges, that label has not been shown to be a determining factor for funding. Thus, the State's being held responsible for paying fees of counsel appointed to represent indigent defendants in 60-1507 proceedings does not lead to the conclusion that the State also should be held responsible for fees incurred in proceedings under the Act.

We need not determine whether the Act is civil or criminal in nature in order to resolve responsibility for payment of the attorney fees. The County contends adamantly that the Act is civil, but the reasoning offered by the County with regard to fees does not depend on that determination. The touchstone for the County's rationale is that representation in collateral proceedings should be paid for by the entity which paid for representation (or would have paid if indigency had been established) in the original criminal proceeding. That does not require a determination whether the collateral proceeding is civil or criminal in nature. Moreover, the County concedes "that the issue of the nature of the statute does not in and of itself determine the party responsible for indigent defense costs." Appellees do not address the question whether proceedings under the Act are civil or criminal in nature.

The County declares that resolution of this issue depends on determination of legislative intent. According to the County, both the statute and the legislative history are silent on intent. That

silence should not be interpreted as state delegation of liability for sexual predator fees to counties, the argument continues, because the legislature has shown that it knows how to specify when counties are to be liable. Examples of express assignment of liability for costs and fees to counties may be found in the statutes governing commitments due to drug and alcohol abuse and mental illness. K.S.A. 65-5216 and K.S.A. 65-5228; K.S.A. 65-4041 and K.S.A. 65-4053; K.S.A. 59-2922 and K.S.A. 59-2934.

We note that the Act was amended in 1995. L. 1995, ch. 193, §§ 1-10. Before being amended, K.S.A. 59-29a03(a) provided that notice of the anticipated release of a potential sexually violent predator would be given "to the prosecuting attorney of the county where that person was charged." K.S.A. 59-29a04 provided that within 45 days of receiving the notice, "the prosecuting attorney of the county where the person was convicted or charged or the attorney general if requested by the prosecuting attorney may file a petition . . . alleging that the person is a sexually violent predator." The current versions of the statutes require the notice to be given to the attorney general as well as to a multidisciplinary team established by the Secretary of Corrections, and now only the attorney general is authorized to file a petition. K.S.A. 1995 Supp. 59-29a03 and K.S.A. 1995 Supp. 59-29a04. In summary, the Act has been amended so that primary responsibility for commitment of sexually violent predators rests with the State rather than the counties. Even under the original design, the State could be made responsible at the request of a county prosecuting attorney.

The Indigent Defense Services Act did not provide for payment for attorneys appointed to represent defendants charged with misdemeanors. Several years after its enactment, the question of liability for the costs of defending indigents charged with misdemeanors was presented to this court in *Board of Osage County Comm'rs v. Burns,* 242 Kan. 544, 747 P.2d 1338 (1988). Starting from the premise that counsel is necessary where imprisonment is a possibility, we concluded that counties have a legal obligation to pay the fees of attorneys who are appointed to represent indigent defendants charged with misdemeanors and traffic infractions. 242 Kan. 544, Syl. ¶ 2. Here is the rationale of the court:

"The Board of County Commissioners of each county is responsible by law for all expenses incurred for the operation of the district court in the county except those expenses required by law to be paid by the state. K.S.A. 20-348. The legislature has provided for the payment of counsel for the indigent in felony cases but not in misdemeanor cases and, thus, that expense falls upon the counties. The entire expense of the court system, except the salary of judges and court reporters, was traditionally borne by the counties. The legislature has in recent years enacted laws requiring that the State shoulder more of that expense, including payment of most if not all salaries of court personnel, but it has not provided for the payment of the fees with which we are now concerned. We conclude that the county has a legal obligation to provide counsel for indigent defendants who are charged with misdemeanor offenses when imprisonment is a real possibility and to pay fees to such appointed counsel." 242 Kan. at 549.

K.S.A. 20-348 remains unchanged: "Except for expenses required by law to be paid by the state, from and after January 10, 1977, the board of county commissioners of each county shall be responsible for all expenses incurred for the operation of the district court in the county."

In the present case, the Act does not provide for the payment of fees of attorneys and expert witnesses which must be made available to persons against whom a petition has been filed. Under K.S.A. 20-348 and its construction in the Osage County case, each county is therefore responsible for those fees if they are expenses incurred in the operation of the district court in the county. Before the amendments to 59-29a03 and -29a04, there would seem to be no question that the fees for appointed counsel and expert witnesses in sexual predator commitment proceedings prosecuted by the county's prosecuting attorney would be expenses incurred in the operation of the county's district court. The County argues that K.S.A. 20-348 should be interpreted to cover only the costs of running the court, as distinguished from the expenses of indigent defense. The County's argument ignores our holding in the Osage County case.

The County also argues that indigent persons against whom sexual predator commitment petitions have been filed should be provided counsel under the Indigent Defense Services Act. K.S.A. 22-4522(a) provides in part: "The state board of indigents' defense services shall . . . [p]rovide . . . the constitutionally and statu-

torily required counsel and related services for each indigent person accused of a felony *and for such other indigent persons as prescribed by statute.*" (Emphasis added.) The County concedes that the regulation listing the matters to which the Indigent Defense Services Act applies does not specify commitment proceedings under the Act. The County argues, however, that proceedings under the Act fall within the reach of the catchall provision for "any other cases in which legal representation at state expense is required by law." K.A.R. 105-1-1(a)(13). On the ground that counsel is statutorily required for commitment proceedings under the Act, the County would have the court conclude that sexual predator matters are "cases in which legal representation at state expense is required by law." The County's reasoning is faulty. Sexual predator matters are cases in which legal representation is required by law, but the question is whether legal representation *at State expense* is required. It appears that the County construes 22-4522(a) to mean that any time counsel is statutorily required, representation will be furnished by the State Board of Indigents' Defense Services. Such a construction ignores the rationale of this court in deciding the Osage County case. We construe K.S.A. 22-4522(a) to mean that representation and related services for an indigent person must be provided by the State Board of Indigents' Defense Services when a statute so requires. The County agrees that the Act is silent on responsibility for representation. The Act does not expressly require the State Board of Indigents' Defense Services to provide representation and related services for indigent persons against whom sexual predator petitions are filed. Nor is it reasonable to conclude from the County's argument that the state board's responsibility may be implied in the Act.

The County finally argues that the fees of counsel and witnesses under the Act are expenses required by law to be paid by the State because pursuant to K.S.A. 22-4514a, Legal Services, Inc., represents indigent inmates. That statute, according to the County, represents the State's assumption of responsibility for legal costs incurred by indigent inmates in civil matters. Because all respondents in sexual predator proceedings are confined, the argument contin-

ues, their legal service costs must be paid by or through Legal Services, Inc.

The plain language of the statute, however, establishes otherwise. K.S.A. 22-4514a provides, in part:

"(a) Any nonprofit corporation, organized under the laws of the state of Kansas for the purpose of providing legal services to indigent inmates of Kansas correctional institutions may submit its annual operating budget for the next fiscal year of the state . . . to the state board of indigents' defense services. . . .

"(b) If such budget is approved by the state board of indigents' defense services, on July 1 of the next fiscal year the amount of the maximum obligation of financial aid to be paid by the state board of indigents' defense services as set forth in the approved budget may then be paid in a lump sum to the corporation."

This statute creates a procedure by which an organization such as Legal Services, Inc., may request money for its operation. It is apparent from the wording of subsection (b) that approval of the request is discretionary. It does not follow from the State's providing money at its discretion for Legal Services, Inc., that the State thereby unqualifiedly committed itself to paying fees for sexual predator proceedings. Respondents assert, in addition, that there is no provision for the appointment of Legal Services, Inc., in sexual predator proceedings.

In summary, K.S.A. 20-348 makes each county responsible for all expenses incurred for the operation of its district court except expenses which the law requires the State to pay. Expenses incurred for the operation of the district court include fees for court-appointed counsel to represent indigent defendants in matters where the State is not required by law to pay. *Board of Osage County Comm'rs v. Burns*, 242 Kan. at 549. We find the County's arguments that the State is required by law to pay the fees incurred in representing respondents in sexual predator proceedings are not persuasive. We conclude that the fees incurred in representing respondents in sexual predator proceedings are expenses incurred for the operation of the district court and, as such, are to be paid by the County. Because of our decision, we need not address the question of whether the County acquiesced in the judgment of the district court by paying certain fee claims and paying at the rates set by the district court.

Judgment of the district court is affirmed.