Patricia A. Scalia Executive Director State Board of Indigents' Defense Services 714 SW Jackson, Suite 200 Topeka, Kansas 66603-3714
Dear Ms. Scalia:
As Executive Director of the State Board of Indigents' Defense Services (BIDS), you request an opinion regarding BIDS's responsibility to pay the attorney fees to represent an indigent person who is confined pursuant to the Sexually Violent Predator Act (SVPA) and challenges the conditions of such confinement by filing a habeas corpus petition pursuant to K.S.A.60-1501.
The SVPA requires that a person adjudged to be a sexually violent predator "be committed to the custody of the secretary of social and rehabilitation services [SRS] for control, care and treatment until such time as the person's mental abnormality or personality disorder has so changed that the person is safe to be at large."[1] K.S.A. 60-1501(a) states in pertinent part that "any person in this state who is detained, confined, or restrained of liberty on any pretense whatsoever . . . may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place." *Page 2 
The broad language in K.S.A. 60-1501 encompasses a person confined pursuant to the SVPA "and, as a result, the person may bring a habeas corpus petition alleging due process violations."[2] The habeas corpus petition must allege either (1) shocking or intolerable conduct or (2) continuing mistreatment of a constitutional nature. The court may summarily dismiss the petition if such allegations are not made or if it appears as a matter of law, based upon undisputed or incontrovertible fact, that no cause for granting a writ exists.[3] If the petition is not subject to summary dismissal, the petitioner confined pursuant to the SVPA has "a constitutional right to counsel."[4]
K.S.A. 60-1501, however, does not address the liability for the payment of attorney fees for an indigent habeas corpus petitioner. Because the Code for Civil Procedure governs a habeas corpus petition, [5] we look to those statutes for guidance.
K.S.A. 60-2003 lists the items that may be included in the taxation of costs; it does not include attorney fees. Rather, it has a general provision allowing "[s]uch other charges as are by statute authorized to be taxed as costs."[6] K.S.A. 2009 Supp. 60-2001(d) provides that "[o]ther fees and expenses to be assessed as additional court costs shall be approved by the court, unless specifically fixed by statute. Other fees shall include . . . attorney fees . . . and any other fees and expenses required by statute."
In determining that a habeas corpus petitioner confined pursuant to the SVPA had a constitutional right to appointed counsel, the court also found that there was no right to appointed counsel under the BIDS statutes.[7] Unlike habeas corpus petitioners confined pursuant to a felony sentence, the statutes governing BIDS do not require BIDS to provide appointed counsel to habeas corpus petitioners confined pursuant to the SVPA. Thus, there is no statutory authority to tax BIDS with the costs of attorney fees for an indigent habeas corpus petitioner confined pursuant to the SVPA.[8] Our next focus is upon K.S.A. 20-348 to determine if the county is responsible for such costs.
K.S.A. 20-348 states: "Except for expenses required by law to be paid by the state, the board of county commissioners of each county have an obligation to adequately fund the operation of the district court in the county and shall be responsible for all expenses incurred for the operation of the district court in the county." The Kansas Supreme Court interpreted K.S.A. 20-348 in In re Care Treatment of Rayborn.[9] InRayborn, the SVPA required the appointment of counsel to represent indigent persons at all *Page 3 
proceedings under the SVPA[10] but did not identify the entity responsible for the payment of appointed counsel's fees.[11] After rejecting the county's arguments, the court held:
 "K.S.A. 20-348 makes each county responsible for all expenses incurred for the operation of its district court except expenses which the law requires the State to pay. . . . We conclude that the fees incurred in representing respondents in sexual predator proceedings are expenses incurred for the operation of the district court and, as such, are to be paid by the County."[12]
The rationale of Rayborn applies to the taxation of attorney fees in a habeas corpus proceeding filed by a person confined pursuant to the SVPA.
Based upon the above analysis, we conclude that K.S.A. 20-348
authorizes the court to tax the county for the fees of an attorney appointed to represent an indigent person confined pursuant to the SVPA in a habeas corpus proceeding under K.S.A. 60-1501.
Sincerely,

 Derek Schmidt
 Attorney General
 Camille Nohe
 Assistant Attorney General
 Janet L. Arndt
 Assistant Attorney General

DS:AA:CN:JLA:ke
[1] K.S.A. 2009 Supp. 59-29a07(a).
[2] Johnson v. State, 289 Kan. 642, 648 (2009).
[3] Id. at 648-49.
[4] Merryfield v. State, ___ Kan. App. 2d ___, 241 P.3d 573, 579
(2010).
[5] Holt v. Saiya, 28 Kan. App. 2d 356, 362 (2000).
[6] K.S.A. 60-2003(8).
[7] 241 P.3d at 578-79.
[8] Your letter refers us to Kansas Attorney General Opinion No. 97-71. That opinion is not applicable as it interpreted the statutes governing BIDS, K.S.A. 22-4503 and 22-4506, to determine BIDS is responsible for the payment of appointed counsel for a habeas corpus petitioner serving a felony sentence.
[9] 259 Kan. 813, 821 (1996).
[10] K.S.A. 59-29a06(b).
[11] 259 Kan. at 819. The legislature subsequently amended the SVPA to specify that the county is responsible for the payment of defense costs,e.g., appointed counsel's fees, but "shall be reimbursed for such costs by the office of the attorney general from the sexually violent predator expense fund." See L. 2007, Ch. 170, § 4; now codified in K.S.A. 2009 Supp. 59-29a04(c).
[12] Id. at 821. *Page 1