Patricia A. Scalia Executive Director State Board of Indigents' Defense Services 714 SW Jackson, Suite 200 Topeka, Kansas 66033
Dear Ms. Scalia:
As Executive Director of the State Board of Indigents' Defense Services (BIDS), you ask whether interpreters performing work during court proceedings are the responsibility of the county in which the proceedings occur or of BIDS.[1]
An analysis begins with the Interpreters for Deaf, Hard of Hearing, Speech Impaired and Other than English Speaking Persons Act.[2] The Act requires an interpreter to be appointed in various types of court proceedings for a person whose primary language is one other than English, or who is a deaf, hard of hearing or speech impaired. One type of proceeding for which an interpreter appointment is required is "any court proceeding involving such person and such proceeding may result in the confinement of such person or the imposition of a penal sanction against such person."[3]
"The determination and propriety of appointing a person as an interpreter lies within the discretion of the trial court" in determining the fitness of a person appointed to interpret; further, a court's determination will be reversed only in "the most extreme circumstances."[4] The role of an interpreter in a court proceeding may be described "in a sense" as an officer of the court, although "an interpreter is best described not as a court officer but merely an attendant."[5]
An appointment of an interpreter in a criminal court proceeding is clearly made by the court for the benefit of all persons involved in the court proceeding, as well as to avoid any due process or 6th Amendment trial right violations that could otherwise be claimed by a defendant.[6]
Compensation for a court-appointed interpreter is addressed in another statute within the Act.
 The court . . . conducting the proceeding shall determine and fix a reasonable fee for the services of the interpreter and may provide for the payment of such costs out of funds appropriated for the operation of the courts. . . . At no time shall the fees for interpreter services be assessed against the person whose primary language is one other than English or who is deaf, hard of hearing or speech impaired.[7]
The following section of that statute states that fees for interpreters paid by BIDS shall be in accordance with standards adopted by the board.[8]
This statute raises two issues that must first be resolved in order to address the payment responsibility question posed: (1) Do court-appointed interpreter fees fall within costs for the operation of the courts? (2) What fees for interpreters fall within costs paid by BIDS?
Regarding the first issue, K.S.A. 20-348 states:
 Except for expenses required by law to be paid by the state, the board of county commissioners of each county have an obligation to adequately fund the operation of the district court in the county and shall be responsible for all expenses incurred for the operation of the district court in the county.[9]
In reliance on this statute, the Kansas Supreme Court determined that "the Board of County Commissioners of each county is responsible by law for all expenses incurred for the operation of the district court in the county except those expenses required by law to be paid by the state."[10] Thus, because BIDS was required by law to pay only for felony representation, the Court held that the county had a legal obligation to provide and pay for counsel to represent indigent defendants charged with misdemeanor offenses when imprisonment was a real possibility.[11] The Court clearly considered fees for court-appointed counsel in these circumstances to be "expenses incurred for the operation of the district court." Likewise, it appears that fees for court-appointed interpreters also would be expenses incurred for the operation of the district court, and consequently the responsibility of the county in which the court proceeding occurs.
Regarding the second issue, a statute within the BIDS Act[12] allows appointed counsel to request court approval for investigative, expert or other services "necessary to an adequate defense"[13] If the court finds that the service, such as for an interpreter, is necessary and that the defendant is unable to afford it, the district court "shall authorize" appointed counsel to obtain the service. In this situation the district court does not appoint the interpreter, but rather authorizes counsel to obtain an interpreter if necessary to an adequate defense.
Another statute within the BIDS Act authorized the Board to adopt regulations "necessary for the operation of the board and the performance of its duties and for the guidance of appointed counsel, contract counsel and public defenders."[14] Such regulations were to include guidelines for compensation of "appointed counsel and investigative, expert and other service."[15] Accordingly, BIDS adopted a regulation regarding fees for interpreters:
 Each individual performing services as an interpreter for the defense shall be compensated at a rate not to exceed $15 per hour, unless a higher rate has been approved in advance by the director.[16]
The end result of the BIDS statutes is that a district court may authorize services of an interpreter if necessary to an adequate defense; such interpreter performing services for the defense will generally be paid $15 per hour by BIDS.
Reading K.S.A. 20-348 and the BIDS statutes in pari material, [17]
the conclusion reached is that the cost for an interpreter appointed by a district court for services performed during court proceedings is the responsibility of the county as an expense for the operation of the district court, while the cost for an interpreter authorized by a district court as a necessary defense expense is the responsibility of BIDS.
Sincerely,

 Derek Schmidt
 Kansas Attorney General
 Camille Nohe
 Assistant Attorney General

DS:CN:ke
[1] You indicate that historically BIDS has paid interpreter fees for all interpreter work performed outside of court proceedings, including all meetings with a non-English speaking client or witness. We therefore assume that BIDS will continue this practice.
[2] K.S.A. 75-4351 et seq.
[3] K.S.A. 75-4351(b).
[4] State v. Pham, 234 Kan. 649, 662 (1984) (emphasis original).
[5] Id.
[6] See generally State v. Calderon, 270 Kan. 241 (2000). Any court that receives federal financial assistance should also be aware of federal requirements: "Title VI of the Civil rights Act of 1964, as amended, 42 U.S.C. § 200d et seq. (Title VI), and the omnibus Crime Control and Safe Streets Act of 1968, as amended, 42 U.S.C. § 3789d(c) (Safe Streets Act), both prohibit national origin discrimination by recipients of federal financial assistance. Title VI and Safe Streets Act regulations further prohibit recipients from administering programs in a manner that has the effect of subjecting individuals to discrimination based on their national origin. See 28 C.F.R. §§ 42.104(b)(2), 42.203(e).
"The Supreme Court has held that failing to take reasonable steps to ensure meaningful access for LEP [limited English proficient] persons is a form of national origin discrimination prohibited by Title VI regulations. See Lau v. Nichols, 414 U.S. 563 (1974)," April 16, 2010, letter from Thomas E. Perez, Assistant Attorney General, Civil Rights Division, U.S. Department of Justice to Chief Justices and State Court Administrators.
[7] K.S.A. 75-4352(a).
[8] K.S.A. 75-4352(b).
[9] Emphasis added.
[10] Board of County Commissioners of Osage County v. Burns,242 Kan. 544, 549 (1988).
[11] Id. at 242 Kan. 549.
[12] K.S.A. 22-4501 et seq.
[13] K.S.A. 22-4508.
[14] K.S.A. 22-4522.
[15] K.S.A. 22-4522(e)(2).
[16] K.A.R. 105-7-6.
[17] The fundamental rule of statutory construction, to which all other rules are subordinate, is that courts must apply the intent of the legislature as expressed in the plain language of the statute, unless the intent is somehow ambiguous. State v. Gracey, 288 Kan. 252, 257 (2009). Only slightly less important is the rule that statutes be considered inpari material, with a view of reconciling and bringing provisions into workable harmony as a whole. See State v. Raschke, 289 Kan. 911, 914
(2009).