(17 P.3d 368)
No. 83,071

WILLIAM R. HOLT, *Appellant*, v. TERESA L. SAIYA, *et al.*, *Appellee.*

—

Opinion filed December 22, 2000.

*Linda S. Mock*, of Leavenworth, for the appellant.

*Brian R. Johnson*, assistant attorney general, and *Carla J. Stovall*, attorney general, for the appellee.

Before GREEN, P.J., PIERRON, J., and RAWLEY JUDD DENT II, District Judge, assigned.

PIERRON, J.: William R. Holt appeals the trial court's decision denying his request to reinstate his petition for writ of habeas corpus. Holt claims he was denied effective assistance of counsel when his attorney allegedly dismissed the petition without Holt's permission and that his attorney had not communicated effectively with him.

This case is ultimately determined by the interpretation of the 30-day rule in K.S.A. 1999 Supp. 60-1501(b) and whether this can be a claim of ineffective assistance of counsel in the context of post-conviction habeas corpus proceedings.

On July 1, 1997, Holt filed a petition for writ of habeas corpus as a result of a parole board decision rendered on April 24, 1997, passing him for 2½ years. On July 28, 1998, the respondent filed a motion to dismiss alleging that Holt failed to file his petition within 30 days from the date of the board's decision. Over the next year, Holt had three different attorneys. During that time, Holt's case was voluntarily dismissed, apparently without his consent or consultation, and then proceedings were conducted on Holt's motion to reinstate his petition for writ of habeas corpus based on claims of ineffective assistance of counsel. The trial court eventually denied Holt's request, and he appealed to our court.

In that appeal, we initially remanded the case to the trial court for an evidentiary hearing on Holt's claim of ineffective assistance of counsel. We retained jurisdiction over the case pending resolution of whether Holt received prejudicial ineffective assistance of counsel in the dismissal of his action and notification of the dismissal of his action. After a subsequent evidentiary hearing, the trial court ruled Holt failed to meet his burden to prove he was denied effective assistance of counsel. The trial court held that Holt offered no evidence to show he was prejudiced as a result of the errors, *i.e.* but for the alleged errors, the result of his case would be different.

Before counsel's assistance is determined to be so defective as to require the reversal of a conviction, the defendant must establish (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. To show prejudice, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. *State v. Sperry*, 267 Kan. 287, 297-98, 978 P.2d 933 (1999).

Our standard of review would normally be limited by the trial court's negative finding that Holt failed to meet his burden of proof. When a trial court makes a negative finding, the party challenging that finding must prove arbitrary disregard of undisputed evidence or some extrinsic consideration such as bias, passion, or prejudice, because the negative finding signifies the failure of the party upon whom the burden of proof was cast to sustain it. *Thomason v. Stout*, 267 Kan. 234, 238, 978 P.2d 918 (1999).

However, the trial court's decision in this case was not made on a factual basis, but rather on the legal conclusion that Holt could not show prejudice because he had filed his writ outside the 30-day statutory time period in K.S.A. 1999 Supp. 60-1501(b), and the court would have been without jurisdiction to hear the matter anyway. The trial court did not discuss its analysis of the time computation issue, which requires an interpretation of K.S.A. 1999 Supp. 60-1501(b) and gives this court an unlimited review. "Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *Smith v. Printup*, 262 Kan. 587, 603, 938 P.2d 1261 (1997).

K.S.A. 1999 Supp. 60-1501 provides:

"(a) Subject to the provisions of K.S.A. 60-1507, and amendments thereto, any person in this state who is detained, confined, or restrained of liberty on any pretense whatsoever, and any parent, guardian, or next friend for the protection of infants or allegedly incapacitated or incompetent persons, physically present in this state may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place. No docket fee shall be required, as long as the petitioner complies with the provisions of subsection (b) of K.S.A. 60-2001 and amendments thereto.

"(b) Except as provided in K.S.A. 60-1507, and amendments thereto, *an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies.*" (Emphasis added.)

The 30-day limitation in K.S.A. 1999 Supp. 60-1501(b) was added by the Kansas Legislature in 1994. L. 1994, ch. 227, § 3. Section 3 of H.B. 2832 originally contained a 2-year limitation, but the time period was later shortened to 30 days. See *Battrick v. State*, 267 Kan. 389, 392, 985 P.2d 707 (1999). The applicability

and constitutionality of the 30-day rule have been addressed by our courts, but not the physical computation of the time period during an inmate's timely attempts to exhaust administrative remedies.

In *Peters v. Kansas Parole Board*, 22 Kan. App. 2d 175, 915 P.2d 784 (1996), we considered the applicability of the 30-day rule in K.S.A. 1999 Supp. 60-1501(b) to a petition time pending during the enactment of the 30-day rule. We held: "For a cause of action under K.S.A. 60-1501 (Ensley) that had accrued prior to July 1, 1994, but had not yet been filed by that date, a petition for writ of habeas corpus shall be time barred unless it was filed within 30 days from July 1, 1994." 22 Kan. App. 2d 175, Syl. ¶ 2.

In *Taylor v. McKune*, 25 Kan. App. 2d 283, 962 P.2d 566 (1998), we addressed the question of whether a prisoner's petition under K.S.A. 1999 Supp. 60-1501 must be file stamped within the 30-day period. We held: "The delivery of a pro se habeas petition to prison authorities for mailing to the clerk of the district court constitutes a filing within the meaning of K.S.A. 60-1501(b) and tolls the 30-day statute of limitations." 25 Kan. App. 2d 283, Syl. ¶ 1.

In *Battrick v. State*, 267 Kan. 389, 985 P.2d 707 (1999), three consolidated K.S.A. 1998 Supp. 60-1501 habeas corpus cases challenged the constitutionality of the 30-day rule in K.S.A. 1998 Supp. 60-1501(b). The Kansas Supreme Court held K.S.A. 1998 Supp. 60-1501(b) to be constitutional on its face and that it was not a bill of attainder, an unconstitutional limit on petitioners' access to the courts, or a suspension of petitioners' rights to the writ of habeas corpus in violation of the Kansas Constitution Bill of Rights, § 8. 267 Kan. at 389.

Holt appeared before the Kansas Parole Board (Board) on April 16, 1997, for his parole hearing. On April 24, 1997, the Board passed Holt for parole for 2½ years until November 1999. The reasons the Board gave were: "serious nature and circumstance of crime; history of crim. acts; non-completion of PA; disciplinary reports." The Board indicated it passed Holt until November 1999 since it was not reasonable to expect that Holt would be paroled until then because he had continued to receive class I disciplinary reports, was a sex offender, and had not completed treatment.

Pursuant to K.S.A. 1999 Supp. 60-1501(b), Holt had 30 days from April 24, 1997, to file a petition or until May 24, 1997. The question not addressed by K.S.A. 1999 Supp. 60-1501(b) is the running of the 30-day period when an inmate attempts to exhaust administrative remedies. Does the 30-day period run continuously through efforts to exhaust administrative remedies? Does the 30-day period toll when the administrative effort is sought and then the time picks up again where it stopped prior to the administrative effort? Does the inmate get a new 30-day period after the final order of the administrative effort?

The administrative regulations concerning parole procedures provide for a request for the Board to reconsider its decision. K.A.R. 45-4-6(b) (1997) states:

"An appeal to the board or a request to reconsider shall be granted only on the basis that the inmate has new evidence which was unavailable at the prior hearing. An appeal to the board or a request for reconsideration shall be made to the board in writing, and shall detail the new evidence that was unavailable at the prior hearing. The inmate need not be present."

Although Holt's request for reconsideration was permissible under the K.A.R., such recourse was not a necessary requisite for him to seek judicial review under K.S.A. 1991 Supp. 60-1501. This distinction was critical in the case of *State Bank Commissioner v. Emery*, 19 Kan. App. 2d 1063, 880 P.2d 783 (1994). In *Emery*, the court considered whether the Office of the State Bank Commissioner had filed its petition for judicial review out of time under K.S.A. 77-613(b) of the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA). K.S.A. 77-613(b) provided that a petition for judicial review of an order was not timely "unless filed within 30 days after service of the order, but the time is extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies."

The *Emery* court held that when the filing of a motion to reconsider is permissive, the filing of such a motion "temporarily tolls the running of the time to file a petition for judicial review. If the motion to reconsider is denied, the count towards the time for filing a petition for judicial review recommences from the point at which

it was tolled when the motion to reconsider was filed." 19 Kan. App. 2d 1063, Syl. ¶ 4.

In line with *Emery*, the test for determining when an appeal must be filed depends upon whether a petition for rehearing or reconsideration was required to be submitted to the administrative agency. If a request for rehearing was required before the administrative process would be exhausted, then the 30-day time for appeal does not begin to run until the timely petition for reconsideration has been denied. However, if a petition for reconsideration is not required to exhaust administrative remedies, then the filing of a petition for reconsideration merely tolls the 30-day time period, which begins to run again upon the issuance of the original administrative decision.

The Board's decision on April 24, 1997, was the final order. From May 12, 1997, to June 2, 1997, a total of 22 days, Holt attempted to exhaust an administrative remedy by asking the Board to reconsider its decision. Extending the 30-day limitation by 22 days set June 15, 1997 as the terminal date. The State concedes that Holt may have even been entitled to 3 extra days pursuant to the mailing rule in K.S.A. 60-206(e). Thus, the 30-day statute of limitations would expire on June 15, 1997, or June 18, 1997.

Holt filed his petition on July 1, 1997, a date clearly beyond the extended 30-day limitation under K.S.A. 1999 Supp. 60-1501(b). Although Holt's petition appears to be untimely, the facts are not clear. From the record, we are unable to determine whether Holt's petition was outside the 30-day period of K.S.A. 1999 Supp. 60-1501(b). Pursuant to *Taylor*, 25 Kan. App. 2d 283, the critical date for inmate appeals under K.S.A. 1999 Supp. 60-1501 was when the inmate delivered the habeas petition to prison authorities for mailing to the clerk of the district court. There are no facts to determine whether Holt gave his petition to prison authorities before June 18, 1997, and, consequently, the trial court erred in basing its decision on the 30-day rule.

Although the trial court erred by making a finding under the 30-day rule, the court's ruling was right for a different reason. "A trial court's decision which reaches the right result will be upheld even though the trial court may have relied upon the wrong ground or

assigned erroneous reasons for its decision." *Bergstrom v. Noah*, 266 Kan. 847, Syl. ¶ 7, 974 P.2d 531 (1999).

A K.S.A. 1999 Supp. 60-1501 hearing, just like a 60-1507 hearing, is a civil proceeding and the rules of civil procedure govern. *Robinson v. State*, 13 Kan. App. 2d 244, 246, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989). In a criminal proceeding, the right to effective assistance of counsel protects the defendant at all critical stages. However, habeas corpus proceedings and motions under 60-1507 are civil in nature and are not controlled by the constitutional or statutory requirements applicable to criminal cases. *State v. Andrews*, 228 Kan. 368, 375, 614 P.2d 447 (1980). Although there is no constitutional right to counsel in a 60-1507 proceeding, the Kansas Legislature has provided a statutory right if the motion presents "substantial questions of law or triable issues of fact." K.S.A. 1999 Supp. 22- 4506(b). Under existing statutes and case law, Holt is entitled to appointment of counsel if his 60-1501 motion presents substantial questions of law or triable issues of fact. K.S.A. 1999 Supp. 22-4506(b).

Kansas law is clear that in collateral post-conviction proceedings, an inmate does not have a constitutional right to counsel and without a constitutional right, there can be no claim of ineffective assistance of counsel. In *Robinson v. State*, 13 Kan. App. 2d 244, 249, 767 P.2d 851, *rev. denied* 244 Kan. 738 (1989), this court held the defendant's rights under the Due Process Clause of the Fourteenth Amendment were not violated when his appeal from the dismissal of his K.S.A. 60-1507 petition was dismissed due to the failure of his counsel to timely perfect the appeal. In reaching its conclusion, the *Robinson* panel discussed *Evitts v. Lucey*, 469 U.S. 387, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985). The court in *Evitts* held the dismissal of a criminal defendant's direct appeal violated the defendant's due process rights when the dismissal was the result of ineffective assistance of counsel. The *Robinson* panel noted the constitutional right to effective assistance of counsel compelled the court in *Evitts* to hold that an appeal may not be cut off due to ineffective assistance of counsel. Because the constitutional right to counsel does not exist in a post-conviction proceeding, the de-

fendant in *Robinson* could not save his untimely appeal. 13 Kan. App. 2d at 249-50.

In *Wainwright v. Torna*, 455 U.S. 586, 587-88, 71 L. Ed. 2d 475, 102 S. Ct. 1300 (1982), the United States Supreme Court held that because a criminal defendant has no constitutional right to counsel in a discretionary appeal, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to timely file an application for review in the Florida Supreme Court of the Court of Appeals' decision to affirm his convictions.

In *Foy v. State*, 17 Kan. App. 2d 775, 776, 844 P.2d 744 (1993), we held Foy had no constitutional right to counsel to pursue a discretionary appeal to the Kansas Supreme Court and that he was not deprived of the effective assistance of counsel by his appointed counsel's failure to file a petition for review or the failure of such counsel to inform Foy he had the option of seeking discretionary review.

There is no constitutional right to appointment of counsel in either state post-conviction proceedings or in federal habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987). If there is no right to counsel, there can be no claim of ineffective assistance of counsel. Petitioner's claim of ineffective assistance is without merit.

Affirmed