(68 P.3d 168)

No. 89,584

MILTON SNODDY, *Appellant*, v. DAVID R. MCKUNE, *Appellee*.

—

Opinion filed May 9, 2003.

*Milton Snoddy*, appellant pro se.

*Kenneth R. Smith*, special assistant attorney general, for the appellee.

Before PIERRON, P.J., KNUDSON, J., and PATRICK D. MCANANY, District Judge, assigned.

PIERRON, J.: Milton Snoddy appeals the district court's decision to dismiss his K.S.A. 2002 Supp. 60-1501 petition. The court ruled it did not have jurisdiction to hear the petition because it had not been timely filed. We affirm.

On November 8, 2001, Snoddy was accused of violating two Kansas Administrative Regulations regarding the conduct of inmates. A hearing on the alleged violations was held on December 12, 2001. Snoddy was found guilty of both charges. The decision was reviewed by the institution director or warden and was approved. Snoddy was advised of his right to appeal to the Secretary of Corrections (Secretary).

On January 15, 2002, Snoddy appealed the decision to the Secretary. On January 28, 2002, the Secretary reviewed and approved the decision as rendered.

On February 8, 2002, Snoddy sent a letter to the Secretary asking for reconsideration of the decision. On February 18, 2002, the Secretary's designee sent a memorandum responding to Snoddy's letter. In the memorandum, the Secretary's designee informed

Snoddy that the Secretary's decision was final and there would be no reconsideration of the appeal.

On March 20, 2002, Snoddy filed a petition for writ of habeas corpus. On April 2, 2002, Warden David McKune responded to Snoddy's petition and made several arguments, including assertions that Snoddy's petition was barred by the statute of limitations.

On April 12, 2002, the district court entered an order requiring Snoddy and McKune to file with the court documentation showing when Snoddy filed his request for reconsideration. The court believed such information was necessary to determine if the petition had been timely filed.

On April 22, 2002, McKune filed a motion to dismiss. In this motion, McKune noted that 60-1501(b) only allows 30 days for the filing of a habeas action after a final agency action. Furthermore, he acknowledged there was a tolling period allowed if the petitioner was pursuing administrative remedies. McKune argued, however, that after the Secretary's initial review of Snoddy's conviction, there were no more administrative remedies available to Snoddy. McKune claimed Snoddy's action was final on January 28, 2002, after the Secretary's review. Therefore, because Snoddy's petition was not filed until March 20, 2002, it was beyond the 30-day statute of limitations.

On April 24, 2002, Snoddy replied to the district court's order and provided a copy of the letter he had sent to the Secretary asking for reconsideration of his disciplinary convictions. The letter was dated February 8, 2002, and there was a notation at the bottom of the letter indicating it was sent to the Secretary on that date.

On June 21, 2002, the district court filed its memorandum decision. In the decision, the court did not address the action on the merits. Instead, the court dismissed the action, finding the petition had not been timely filed. The court based its decision on the facts that the action was final on January 28, 2002, when the Secretary reviewed the decision, and that Snoddy did not file his petition until March 20, 2002. The court ruled that even if the 3-day mail rule was applied, the petition would still be untimely as 48 days would have passed from the time the action was final until the petition was filed.

The district court then stated that, for the sake of argument, it would undertake the analysis to determine if Snoddy's letter to the Secretary requesting reconsideration would have tolled the 30-day statute of limitations had Snoddy's petition been timely. After the analysis, the court ruled that 34 days would have passed and the petition would have nevertheless been untimely.

On July 15, 2002, Snoddy filed a motion to alter or amend the judgment. He claimed the district court's tolling analysis was erroneous. Snoddy argued this court has ruled that a petition is deemed filed on the day the inmate places the petition in the prison mail system, not when it is file-stamped by the district court. Snoddy attached an affidavit to his motion wherein he stated that he placed his petition in the prison mail system on March 15, 2002. Snoddy argued that if his petition was filed on March 15, 2002, it was timely.

On July 22, 2002, the district court filed an order denying Snoddy's motion to alter or amend the judgment. The court stated that its memorandum decision specifically found that Snoddy's request for reconsideration letter did not toll the statute of limitations. Thus, the petition was not timely filed. The court further pointed out that the tolling analysis was simply an additional consideration that did not affect its decision. It was dicta.

Snoddy argues that by sending the letter requesting reconsideration to the Secretary, he was attempting to exhaust an administrative remedy. Accordingly, he claims the statute of limitations should have been tolled during such period.

This case requires an interpretation of K.S.A. 2002 Supp. 60-1501(b). The interpretation of a statute is a question of law over which this court has unlimited review. *Holt v. Saiya,* 28 Kan. App. 2d 356, 358, 17 P.3d 368 (2000).

K.S.A. 2002 Supp. 60-1501(b) states:

"Except as provided in K.S.A. 60-1507, and amendments thereto, an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies."

The following are the dates pertinent to this appeal:

| | |
|---|---|
| January 28, 2002: | The Secretary reviewed Snoddy's conviction. |
| February 8, 2002: | Snoddy sent a letter to the Secretary asking for reconsideration. |
| February 18, 2002: | The Secretary's designee informed Snoddy the Secretary's initial review was final and the decision would not be reconsidered. |
| March 15, 2002: | Snoddy allegedly placed his petition in the prison mail system. |
| March 20, 2002: | Snoddy's petition is filed with the district court. |

If Snoddy's letter dated February 8, 2002, is not deemed to have tolled the limitations period, then his petition is clearly untimely. The final date of agency action would be January 28, 2002. However, if the 3-day mail rule pursuant to K.S.A. 2002 Supp. 60-206(e) is applied, the operative date is January 31, 2002. Additionally, the petition is deemed filed on March 15, 2002. See *Taylor v. McKune*, 25 Kan. App. 2d 283, 286-88, 962 P.2d 566 (1998) (holding the date an inmate places his or her petition in the prison mail constitutes the date of filing within the meaning of 60-1501[b]). Accordingly, 43 days passed from the date of the final agency action until the petition was filed.

Snoddy relies on *Holt*, 28 Kan. App. 2d 356, for his argument that the statute of limitations should have been tolled during the period he waited for a reply to the request for reconsideration letter he sent to the Secretary. In *Holt*, this court examined the manner in which the 30-day filing limitation pursuant to 60-1501(b) is applied. Specifically, an inmate was unhappy with a decision of the parole board. The inmate, following K.A.R. 45-4-6(b), petitioned the board for review of its decision. It appears the board denied the inmate's petition, and the inmate filed a writ of habeas corpus. The trial court denied the writ, finding it was filed beyond the limitations period in 60-1501(b). The *Holt* court ruled the decision of the trial court pertaining to the limitations question was incorrect. 28 Kan. App. 2d at 361. The court found that the inmate could have filed his writ after the initial denial by the board; however, because the inmate had a permissive right to appeal the

board's decision, the limitations period was tolled while the petition for reconsideration was pending. 28 Kan. App. 2d at 360-61. This court upheld the trial court's decision, however, finding the inmate's claim without merit. 28 Kan. App. 2d at 361-63.

Snoddy argues the letter he sent to the Secretary is analogous to the petition for reconsideration filed in *Holt*. He claims the statute of limitations should be tolled during that period, as it was in *Holt*. This argument is without merit.

In *Holt*, the inmate had a permissive right as set out in K.A.R. 45-4-6(b) to petition the board for reconsideration. Here, after analyzing the disciplinary procedures for the Department of Corrections, it appears the Secretary's initial review is the final possible administrative remedy available. See K.A.R. 44-13-101; K.A.R. 44-13-701; K.A.R. 44-13-702. Therefore, Snoddy had exhausted all administrative remedies and had no avenue other than a writ of habeas corpus to challenge his disciplinary convictions. Accordingly, because K.S.A. 2002 Supp. 60-1501(b) only allows for tolling of the statute of limitations when an individual is attempting to exhaust administrative remedies, Snoddy's argument must fail. "Ordinary words are to be given their ordinary meaning, and a statute should not be so read as to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citation omitted.]" *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001). Snoddy's letter cannot be construed as an attempt to exhaust administrative remedies, because he had no further administrative remedies to exhaust. Therefore, the statute of limitations should not have been tolled, and his petition was untimely.

Affirmed.