NOT DESIGNATED FOR PUBLICATION

No. 114,376

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDREW ZEINER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed April 29, 2016. Affirmed in part, reversed in part, and remanded with directions.


*James Bordonaro*, of Emporia, for appellant.


*Jonathon L. Noble*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.


*Per Curiam*:  Andrew Zeiner was convicted of, among other things, aggravated battery of a law enforcement officer in 2008. He has previously filed both a direct appeal and a K.S.A. 60-1507 motion and received no relief. Now he appeals two rulings by the district court, the denial of his second K.S.A. 60-1507 motion and the denial of a motion for judgment of acquittal. Because we find that the district court denied his K.S.A. 60-1507 motion on the erroneous ground that Zeiner had no right to effective assistance of counsel in a collateral proceeding, we reverse the district court's decision and remand for further proceedings. We affirm, however, the district court's ruling that his motion for

1

judgment of acquittal was untimely, having been filed more than 6 years after his sentencing.

FACTUAL AND PROCEDURAL HISTORY

In 2008, a jury found Zeiner guilty of aggravated battery of a law enforcement officer, driving with a suspended license, fleeing or attempting to elude a law enforcement officer, and several traffic violations for which he was sentenced to serve 144 months in prison. Zeiner filed a direct appeal, and his conviction was affirmed by this court in *State v. Zeiner*, No. 102,088, 2010 WL 2545665 (Kan. App. 2010) (unpublished opinion), *rev. denied* 290 Kan. 1104 (2010). Zeiner then filed a K.S.A. 60-1507 motion alleging ineffective assistance of both trial and appellate counsel. The district court denied the motion and this court affirmed the denial on appeal in *Zeiner v. State*, No. 108,834, 2013 WL 5507448 (Kan. App. 2013) (unpublished opinion), *rev. denied* 300 Kan. 1108 (2014).

In January 2015, Zeiner filed a second K.S.A. 60-1507 motion, this time alleging ineffective assistance of counsel on his first K.S.A. 60-1507 motion. Zeiner later amended the motion to add an allegation that his trial counsel failed to properly "understand and defend [against] the [essential] statutory element of Battery 'Physical contact with another Person,'" and that his counsel on direct appeal erred when she failed to raise the issue of the deficient performance. While this motion was pending in the district court, Zeiner filed a motion for judgment of acquittal.

The district court denied both motions for reasons that will be discussed below. Zeiner now appeals.

2

*The district court erred when it denied Zeiner's K.S.A. 60-1507 motion on the grounds that he had no right to the effective assistance of counsel in a collateral proceeding.*

Zeiner argues that the district court erred when it denied his K.S.A. 60-1507 motion, concluding that Zeiner did not have a right to effective assistance of counsel during the appeal of the denial of his first K.S.A. 60-1507 motion. Whether Zeiner had a right to effective assistance of counsel during his first K.S.A. 60-1507 hearing and appeal is a question of law that this court reviews de novo. *Robertson v. State*, 288 Kan. 217, 227, 201 P.3d 691 (2009).

The district court erroneously cited to *Holt v. Saiya*, 28 Kan. App. 2d 356, 362, 17 P.3d 368 (2000), for the proposition that "'Kansas law is clear that in collateral post-conviction proceedings, an inmate does not have a constitutional right to counsel and without a constitutional right, there can be no claim of ineffective assistance of counsel.'" Since *Holt* was decided, the Kansas Supreme Court has weighed in on the right of prisoners to effective assistance of counsel during post-conviction proceedings. See *Robertson*, 288 Kan. at 228. In *Robertson*, the Kansas Supreme Court clarified that while prisoners do not have a constitutional right to effective assistance of counsel, they do have a statutory right that attaches once an attorney has been appointed to assist an indigent prisoner with a post-conviction proceeding. 288 Kan. at 228. The State concedes that the district court erred in finding that Zeiner had no right to effective counsel at his K.S.A. 60-1507 hearing.

Despite this significant legal error, the State asserts that the district court's denial of Zeiner's K.S.A. 60-1507 motion should still be affirmed. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (concluding that when a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or

assigned erroneous reasons for its decision). The State contends that Zeiner's second K.S.A. 60-1507 motion, and its amendment, raise issues that could have been raised on appeal of his prior motion, making it successive. See K.S.A. 60-1507(c). Additionally, this motion was filed after the 1 year window for filing had passed. See K.S.A. 60-1507(f)(1). And finally, the State argues that Zeiner fails to make a showing that 60-1507 counsel's performance was deficient. But the State only moved to dismiss in the district court based on its erroneous theory that Zeiner had no right to effective assistance of counsel, therefore the district court has not made a ruling on successiveness, timeliness, or on the merits of Zeiner's claims against 60-1507 counsel. We agree with the findings of the district court that the claims in Zeiner's amended K.S.A. 60-1507 motion concerning the ineffectiveness of trial counsel are successive and there is no showing of exceptional circumstances. But that was a different claim than his claim regarding the ineffectiveness of his 60-1507 counsel.

We do not mean to suggest by this ruling that we believe Zeiner has a colorable claim, only that it was dismissed in error without consideration of issues of successiveness, timeliness, and the merits of his claim if his claim is deemed to be neither successive nor untimely. Accordingly, we reverse the decision of the district court dismissing Zeiner's K.S.A. 60-1507 action and remand for further proceedings related solely to his claims of ineffectiveness of 60-1507 counsel, including an opportunity for Zeiner to respond to any allegations the State makes concerning successiveness, timeliness, and the merits of Zeiner's claim.

*Zeiner's motion for judgment of acquittal was not timely filed, therefore the district court lacked jurisdiction to consider it.*

Zeiner next argues that the district court erred when it failed to consider the merits of his motion for judgment of acquittal because it was untimely filed. Whether the district

4

court had jurisdiction to consider Zeiner's motion is a question of law that this court reviews de novo. See *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014).

K.S.A. 22-3419(3) provides: "If [a] jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within seven days after the jury is discharged or within such further time as the court may fix during the seven-day period." Despite this seemingly short, well-defined window of opportunity, Zeiner cites to *State v. Thomas*, 12 Kan. App. 2d 743, 755 P.2d 562, *rev. denied* 243 Kan. 781 (1988), for the proposition that district courts have "the inherent authority to consider a claim for acquittal even though it is not timely presented."

In *Thomas*, this court held:

"While a desire for finality might justify ending a trial court's power to overturn a jury's guilty verdict shortly after the jury is discharged, it is somewhat difficult to see any reason to restrict that power where the jury failed to return a verdict and the prosecution may, as was done in this case, decide to proceed with another trial. . . . [T]he purpose of the statute is to limit the defendant's power to force the trial court to consider a motion for judgment of acquittal to the times stated. After those times, the court could properly deny the motion summarily due to the late filing. The court would retain the power, however, to consider the motion if it felt it should, at least so long as it retained jurisdiction over the case." 12 Kan. App. 2d at 745.

This excerpt, while empowering district courts to consider motions for acquittal outside of the 7-day statutory limitation in certain situations, draws attention to the key procedural distinction between Thomas and Zeiner. Thomas filed a motion for acquittal while the possibility of a new trial was still pending in the district court; Zeiner filed his motion 6 years after he was sentenced by the district court—well beyond the 7-day limit and after the district court clearly ceased to have jurisdiction of the case. In two other

5

cases that are procedurally more similar to the one here, panels of this court determined that district courts lacked jurisdiction to consider motions for judgment of acquittal when they were not filed within 7 days of the jury verdict. See *State v. Mitchell*, No. 108,912, 2014 WL 113441, at *4 (Kan. App.) (unpublished opinion), *rev. denied* 301 Kan. ___ (2014); *State v. Parks*, No. 95,231, 2007 WL 3146676, at *2 (Kan. App. 2007) (unpublished opinion), *rev. denied* 286 Kan. 1184 (2008).

Because Zeiner filed his motion for judgment of acquittal more than 7 days after the jury returned its verdict, at a time when the district court no longer had jurisdiction to exercise its discretion to consider the motion, the district court was correct to deny Zeiner relief. The district court should be affirmed.

Affirmed in part, reversed in part, and remanded with directions.