NOT DESIGNATED FOR PUBLICATION

No. 123,566

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY EARL RIDLEY,
*Appellant*,

v.

STATE OF KANSAS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed October 29, 2021.
Affirmed.

*Anthony Earl Ridley*, appellant pro se.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellees.

Before MALONE, P.J., POWELL and CLINE, JJ.

POWELL, J.: Anthony Earl Ridley, an inmate at the El Dorado Correctional Facility, filed a petition for writ of habeas corpus in the Butler County District Court alleging numerous deficiencies in the proceedings leading to his convictions as well as the wrongful revocation of his parole. The district court, which characterized Ridley's petition as "rambling and difficult to understand," summarily dismissed all his claims except Ridley's wrongful parole revocation claim, which it ultimately denied as untimely and lacking merit. Ridley now appeals, claiming error on the part of the district court. Finding no reversible error, we affirm.

1

In April 2020, Ridley filed a pro se petition for writ of habeas corpus in the matter of his wrongful conviction and for compensation for his wrongful conviction. In his petition, Ridley alleged he was deprived of property, life, and liberty without due process in six ways:  (1) He was deprived of his right to counsel; (2) the statutory rules of evidence denied him his fundamental rights; (3) his parole was revoked without a hearing; (4) state law denied him a state-created liberty interest; (5) his detention, which was not supported by probable cause, led to his conviction; and (6) he was discriminated against in the enforcement of the law.

The district court dismissed all of Ridley's claims except for the alleged improper revocation of his parole, holding that a petition filed pursuant to K.S.A. 60-1501 was not the vehicle by which to address such claims. The district court also dismissed three of the respondents, holding Ridley failed to state a claim against them, leaving only the prison and its warden (collectively "the prison") as parties. As a result, the only issue that remained was Ridley's assertion that his parole had been wrongly revoked. Ridley sought reconsideration of the district court's action, but it denied that motion.

The prison then moved for summary dismissal of Ridley's remaining claim, arguing his parole had been properly revoked because Ridley had violated the terms of his parole.

Ridley's parole has been revoked multiple times, but it appears Ridley takes issue with the revocation of his parole in 2019 and the Kansas Prisoner Review Board's (Board) refusal to reinstate his parole in 2020. The Board held a hearing on the revocation of Ridley's parole on October 15, 2019, and its decision revoking parole was issued on or around November 6, 2019, as indicated by Ridley's signature. The Board

reconsidered Ridley for parole on January 23, 2020, but declined to grant him parole at that time. He received notice of that decision on February 11, 2020.

The district court granted the prison's motion for summary dismissal on two grounds. First, the district court held that Ridley's K.S.A. 60-1501 petition was untimely. Second, the district court held that even if the petition had been timely and had properly included the Board as a respondent, Ridley's petition would still lack merit because "the Board provided sufficient and statutorily valid reasons for refusing to grant parole to Ridley."

Ridley timely appeals.

ANALYSIS

Summary dismissal of a K.S.A. 60-1501 petition is appropriate "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the [petitioner] is not entitled to relief in the district court." K.S.A. 2020 Supp. 60-1503(a). We review the summary dismissal of a K.S.A. 60-1501 petition de novo. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009).

An inmate must file a K.S.A. 60-1501 petition within 30 days from the date the action complained of was final, "but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." K.S.A. 2020 Supp. 60-1501(b).

The last action taken on Ridley's parole was on January 23, 2020, when the Board declined to reinstate his parole. Ridley's K.S.A. 60-1501 petition was not filed until April 17, 2020—85 days later—suggesting his petition was untimely. And even when we consider Ridley was not notified until February 11, 2020, that his parole was not

3

reinstated, more than 30 days had passed between the finality of the action and the filing of his petition. See *Knittel v. Kansas Prisoner Review Board*, No. 111,552, 2014 WL 6777450, at *4 (Kan. App. 2014) (unpublished opinion) (limitations period begins to run no later than inmate's acknowledgment on action notice).

But Ridley sought reconsideration of the Board's action, suggesting an effort to exhaust his administrative remedies. Our court has held that the 30-day limitations period is tolled by an inmate seeking reconsideration of the Board's denial of parole. *Holt v. Saiya*, 28 Kan. App. 2d 356, 360-61, 17 P.3d 368 (2000); *Wheeler v. Feleciano*, No. 100,478, 2008 WL 5401493, at *4 (Kan. App. 2008) (unpublished opinion). But tolling is different than extending the time period, meaning that any days between the inmate's receipt of the Board's adverse action and the inmate seeking relief counts towards the 30-day time period. See *Holt*, 28 Kan. App. 2d at 360-61.

The record shows Ridley's request for reconsideration was received by the Board on February 25, 2020, and the Board rejected Ridley's request on March 23, 2020. Ridley filed his 60-1501 petition on April 17, 2020—24 days after the Board denied his request for reconsideration. These facts also suggest Ridley's petition is untimely as his motion for reconsideration was not received by the Board until 14 days after Ridley received notice of the Board's denial of his parole. When added to the 24 days from the denial of his motion to reconsider to the filing of his 60-1501 petition, it would appear he has used up his 30 days.

But the record before us lacks two key facts: First, the date Ridley submitted his request for reconsideration to prison authorities; and second, the date Ridley submitted his 60-1501 petition to prison authorities for mailing and filing. Under the "prison mailbox rule," a prisoner's pro se documents are deemed "'filed'" when submitted to prison authorities for mailing. *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015); *Sauls v. McKune*, 45 Kan. App. 2d 915, 916, 260 P.3d 95 (2011). As we have stated,

there is 14-day gap between the time Ridley received notice of the Board's denial of his parole and the Board's receipt of his motion for reconsideration. If Ridley gave his motion to prison authorities immediately after his receipt of the Board's denial of his parole, that 14-day gap would be eliminated, making his petition timely. The same is also true for the 24-day period between the Board's denial of Ridley's request for reconsideration and the filing of his 60-1501 petition. If Ridley had submitted his 60-1501 petition to prison authorities for mailing immediately after the Board's denial of his motion to reconsider, that 24-day gap would be eliminated as well, again making Ridley's petition timely. Because we cannot tell how many days should be added to or subtracted from the 24 days between the date the Board denied Ridley's motion to reconsider and the filing of his 60-1501 petition, the record does not support the district court's finding that Ridley's petition was untimely.

Fortunately, we need not resolve the timeliness issue. Even if we assume Ridley's petition was timely and if we assume Ridley had properly named the Board as a respondent—he did not—the district court was correct to deny the petition on the merits. The district court held that Ridley's petition should be summarily dismissed because "the Board provided sufficient and statutorily valid reasons for refusing to grant parole to Ridley."

To state a claim for relief and avoid summary dismissal, a K.S.A. 60-1501 petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. But a prisoner has no protected legal right to parole from a criminal sentence. In fact, "the Kansas parole statute does not give rise to a liberty interest when the matter before the Board is the *granting* or *denial* of parole to one in custody." *Gilmore v. Kansas Parole Board*, 243 Kan. 173, 180, 756 P.2d 410 (1988). "[B]ecause parole is a privilege, a matter of grace exercised by the [Board], this court's review of the denial of parole is limited to whether the [Board] complied with applicable statutes and whether its action was arbitrary and capricious." *Payne v. Kansas*

*Parole Board*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994). An action is "arbitrary and capricious if it is unreasonable or without foundation in fact." *Sunflower Racing, Inc. v. Board of Wyandotte County Comm'rs*, 256 Kan. 426, Syl. ¶ 3, 885 P.2d 1233 (1994).

Here, Ridley received notice of the reasons he was denied parole—his past failure on parole, disciplinary reports, lack of a parole plan to meet his needs or to provide for public safety, current needs were unstable and community resources could not provide sufficient support to meet those needs and to provide for public safety, and the length of the pass on parole would provide an opportunity for sufficient time to work on areas necessary to reduce his risk to reoffend. Several of these reasons not to grant parole are included in the nonexclusive list of factors the Legislature provided for the Board to consider when determining a prisoner's parole eligibility. See K.S.A. 2020 Supp. 22-3717(h). The reasons provided by the Board are sufficient and valid reasons for refusing to grant parole to Ridley. Because Ridley's petition did not allege any facts upon which the district court could grant his requested relief, the district court did not err in summarily dismissing his wrongful parole revocation claim.

Finally, as to the remaining issues he raises on appeal, Ridley fails to make any showing as to why those issues are properly raised in a K.S.A. 60-1501 petition. The closest assertion to a valid claim that can be properly raised in a 60-1501 petition is Ridley's claim that he is not being allowed to freely practice Hinduism due to his incarceration. But Ridley fails to explain how his right to practice the religion of his choice is being violated, nor does he show any exhaustion of administrative remedies from supposed violations of his religious freedom. See K.S.A. 75-52,138; *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 5, 384 P.3d 1003 (2016). Ridley's failure to exhaust his administrative remedies is fatal to this claim. Ridley also fails to properly brief his other remaining issues, and we deem them abandoned. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

Affirmed.