(962 P.2d 566)

No. 79,097

CLIFTON TAYLOR, *Appellant*, v. DAVID R. McKUNE, *et al.*, *Appellees*.

—

Opinion filed July 10, 1998.

*Bruce C. Hedrick*, of Legal Services for Prisoners, of Lansing, for appellant.

*Jeff Cowger*, special assistant attorney general, for appellees.

Before BRAZIL, C.J., LEWIS and KNUDSON, JJ.

KNUDSON, J.: Inmate Clifton Taylor appeals the district court's dismissal of his K.S.A. 60-1501 action as untimely. The trial court concluded Taylor's pro se petition was not filed within 30 days after the disciplinary action taken by the Department of Corrections was final as required under K.S.A. 60-1501(b).

We conclude that the 30-day statute of limitations under K.S.A. 60-1501(b) was effectively tolled when Taylor delivered his petition to the penal authorities for mailing to the clerk of the district court. Accordingly, we reverse and remand the case for consideration upon its merits.

Taylor is an inmate at the Lansing Correctional Facility (LCF). Disciplinary action was taken against him that resulted in a 30 days' privilege restriction and $10 fine. This disciplinary action became final on October 16, 1996. It so happens that at that time there was a lockdown at the prison, and Taylor did not have access to the prison library until October 25, 1996. However, he could have requested that legal materials be provided from the library. On

November 15, 1996, Taylor gave his habeas petition to the prison authorities to be mailed to the clerk of the district court. The record on appeal suggests Taylor's petition was received at the courthouse on November 19, 1996.

Apparently, the Leavenworth County District Court does not automatically file an inmate's habeas petition; a petition is subject to a preliminary review to determine if there is substantial compliance with the filing requirements. A judge of the district court in a form order styled "Order of Noncompliance," concluded Taylor's attempted filing did not "measure up" because: (a) he failed to include the proper filing fee; (b) he did not submit a poverty affidavit in lieu of a docket fee; (c) the petition was not verified; and (d) he failed to include a list of all civil actions filed within the preceding 5 years. The order then stated Taylor's petition would not be filed until the listed deficiencies had been corrected and, if corrective action was not taken on or before December 23, 1996, the petition and other documents submitted would be destroyed. After Taylor complied with the order, his petition was promptly filed on November 26, 1996.

In its answer, the respondent raised the issue that Taylor had failed to file his habeas petition within 30 days of the final action that had been taken on October 16, and thus the petition was not filed in a timely manner under K.S.A. 60-1501(b).

At a hearing to decide whether Taylor's petition was timely, the district court found: LCF was in lockdown between September 30, 1996, and October 25, 1996; although the inmates could not go to the prison law library during lockdown, they could have legal materials and books delivered to their cells; inmates could freely send and receive mail; the underlying disciplinary action was final on October 16, 1996; and Taylor's habeas petition was not filed until November 26, 1996. Based upon these findings, the district court concluded Taylor's petition was not filed within 30 days of the final disciplinary action and dismissed the action.

On appeal, Taylor makes three arguments as to why his petition should be considered timely: (1) because he was denied physical access to the prison library for 9 days of the 30-day filing period, the appellees should be estopped from asserting the statute of lim-

itations; (2) the district court's order of noncompliance extended the filing deadline until December 23, 1996; and (3) the petition was effectively filed upon delivery to the prison authorities for mailing to the clerk of the district court.

We are not persuaded Taylor's first two arguments have legal merit. During the lockdown, he did have access to books upon request and, in any event, he had ample time to prepare and submit his habeas petition after the lockdown was lifted. Additionally, this argument presents factual issues that were decided by the district court. We are not inclined to invade the province of the district court and reweigh the evidence that was presented.

The district court's order of noncompliance did not attempt to wrongfully extend the 30-day statute of limitations or otherwise lull Taylor into believing the statute had been tolled. The order of noncompliance was entered after the statute of limitations had already run and, further, the order did not suggest any extension of time to file the petition. The order simply informed Taylor that unless he complied, the petition would be destroyed without any filing whatsoever.

This brings us to the issue of whether K.S.A. 60-1501(b) should be interpreted to toll the 30-day statute of limitations upon an inmate's delivery of a habeas petition to prison authorities for mailing or delivery to the district court. Our standard of review is unlimited. See *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, 514, 930 P.2d 1366 (1997).

K.S.A. 60-1501 reads as follows:

"(a) Subject to the provisions of K.S.A. 60-1507, and amendments thereto, any person in this state who is detained, confined, or restrained of liberty on any pretense whatsoever, and any parent, guardian, or next friend for the protection of infants or allegedly incapacitated or incompetent persons, physically present in this state may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place. No docket fee shall be required.

"(b) Except as provided in K.S.A. 60-1507, and amendments thereto, an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies."

We also note that K.S.A. 60-203 provides that "[a] civil action is commenced at the time of: (1) Filing a petition with the clerk of the court . . . ."

Finally, to complete our backdrop for deciding this issue, we note that in *Peters v. Kansas Parole Board*, 22 Kan. App. 2d 175, Syl. ¶ 2, 915 P.2d 784 (1996), the court held K.S.A. 60-1501(b) does constitute a 30-day statute of limitations and that an inmate's habeas petition not filed within that period is barred.

It is agreed the final action taken by the Secretary of Corrections in this case occurred on October 16, 1996. The undisputed evidence is that Taylor delivered the petition to prison authorities for mailing exactly 30 days later on November 15, 1996. Thus, if that act of delivery constitutes filing, Taylor's petition was timely. Conversely, if filing requires actual receipt by the clerk of the district court before the 30-day time period lapses, Taylor's petition is time barred.

We have been unable to find any Kansas case law that is analogous; however, the federal courts have explored this issue in various contexts.

In *Houston v. Lack*, 487 U.S. 266, 270, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988), the Supreme Court concluded a pro se inmate's notice of appeal was filed at the moment the inmate delivered the notice to prison authorities for forwarding to the court clerk. In *Houston*, the inmate's notice of appeal was governed by Fed. R. App. Proc. 4(a)(1), which required the notice of appeal to be filed with the clerk of the district court within 30 days of the entry of judgment. 487 U.S. at 272. The Court first addressed whether the notice must reach the clerk before it could be considered filed. The Court characterized the question as one of timing, as distinguished from destination, and reasoned that while the notice must eventually reach the clerk, it need not reach the clerk before it can be considered filed. 487 U.S. at 272-73.

The *Houston* Court gave this rationale for the inmate filing rule:

"Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. . . . Worse, the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom

he cannot control or supervise and who may have every incentive to delay." 487 U.S. at 271.

In *Jackson v. Nicoletti*, 875 F. Supp. 1107, 1109 (E.D. Pa. 1994), the court interpreted Fed. R. Civ. Proc. 3 and 5(e) to determine if an inmate filed his civil rights action within the statute of limitations. The *Jackson* court clearly disagreed with the holding in *Houston* and listed many reasons it did not accept the Supreme Court's reasoning or application of the so-called "mailbox" rule. 875 F. Supp. at 1111-14. Of particular relevance in the case now before us, in *Houston*, the inmate had only 30 days to file a notice of appeal, where in *Jackson*, the inmate had 2 years to file his complaint. 875 F. Supp. at 1113.

In *Allen v. Dowd*, 964 F.2d 745, 746 (8th Cir.), *cert. denied* 506 U.S. 920 (1992), the court refused to extend the *Houston* rule to an inmate's untimely petition. The court stated that *Houston* applied only to notices of appeal or other filings with 30-day deadlines and, thus, refused to apply the rule to a filing with a longer deadline. Because a 30-day deadline is at issue in the instant case, *Allen* is not persuasive.

The Second, Fourth, Tenth, and Eleventh Circuit Courts of Appeals have all applied, and some have extended, the *Houston* rule. See *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds on reh'g* 25 F.3d 81 (1994) (extending the *Houston* rule to pro se inmates filing complaints); *Garvey v. Vaughn*, 993 F.2d 776, 781-82 (11th Cir. 1993) (extending the *Houston* rule to pro se inmates filing claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735-36 (4th Cir. 1991) (extending the *Houston* rule to pro se inmates filing complaints); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989), *cert. denied* 493 U.S. 1059 (1990) (citing *Houston* and mentioning that while the inmate's complaint was filed in the district court beyond the deadline, the complaint was mailed from the prison in a timely fashion).

We find the reasoning of *Houston* persuasive in interpreting K.S.A. 60-1501(b). An inmate faced with a narrow window of 30 days to file his or her habeas petition should not be further limited

by a statutory interpretation that leaves a timely filing to the vagaries of the very entity against whom the action is brought and effectively reduces the time within the petitioner's control to 29 days, or 28 days, or 27 days, or less to make certain the petition is filed in a timely manner. An interpretation that gives an inmate a 30-day opportunity to challenge the action taken by prison authorities is consistent with statutory language and sound public policy, and affords every inmate, wherever situated, with a full 30-day filing period.

Accordingly, we hold that Taylor's habeas petition delivered within 30 days from the final action of the Secretary of Corrections to appropriate prison authorities for mailing to the clerk of the district court constitutes a filing within the meaning of K.S.A. 60-1501(b) and tolls the statute of limitations.

One further issue must be addressed. We have noted Taylor's petition was initially filed with no verification, no list of prior civil actions, no filing fee, and no poverty affidavit. While Taylor quickly remedied those deficiencies upon receiving the district court's order of noncompliance, the question remains whether any of the deficiencies prevented the petition from being accepted by the clerk of the district court upon receipt. We conclude the answer is no; none of the deficiencies or omissions deprive the district court of jurisdiction. See *Avco Financial Services v. Caldwell*, 219 Kan. 59, 62-63, 547 P.2d 756 (1976) (jurisdiction is unaffected by the timing of the payment of a docket fee); *Patterson v. Patterson*, 164 Kan. 501, 504, 190 P.2d 887 (1948) (imperfect verification or lack of verification does not oust the court of jurisdiction).

Reversed and remanded.