(27 P.3d 932)

No. 85,925

WAYNE STEWART, *Appellant*, v. SECRETARY OF CORRECTIONS, *et al., Appellees*.

June 29, 2001.

*Wayne Stewart*, appellant pro se.

*Julie L. Riddle*, Kansas Department of Corrections, for the appellees.

Before BEIER, P.J., PIERRON, J., and BUCHELE, S.J.

PIERRON, J.: Wayne Stewart appeals the district court's summary dismissal of his petition for writ of habeas corpus filed pursuant to K.S.A. 2000 Supp. 60-1501. Stewart's petition concerns his complaint that prison officials refused to properly process his request for disposition of a certain detainer. The district court held that Stewart had *refused* to verify his petition as required by K.S.A. 2000 Supp. 60-1502, and, therefore, he did not comply with the Kansas Code of Civil Procedure.

It is not clear when Stewart initially mailed his petition to the district court. However, the petition was not verified as required by K.S.A. 2000 Supp. 60-1502. Stewart states that on June 21, 2000, he received his unfiled petition in the mail with a copy of 60-1502 and a note from the clerk of the court stating: "Petition is *not* verified (by notary)." On June 23, 2000, Stewart sent his petition back to the court with a note stating:

"Please file my petition I'm returning. Please read Taylor v. McKune, 25 Kan. App. 2d 283, 962 P.2d 566 (1998), and Houston v. Lack, 487 U.S. 266, 101 L.

Ed. 2d 245, 108 S. Ct. 2379 (1988). In these cases the Kan. App. Court concluded that none of the deficiencies or omissions deprive the district court of jurisdiction.

"I'm returning my petition to you on this 21st day of June 2000. If you still feel lack of Notary is reason to return my petition again please enclose an Order of Non-Compliance for such, instead of the note I received today 21 June 00."

Stewart's unverified petition was filed on June 23, 2000. The district court entered its order of dismissal on July 12, 2000, and held:

"The problem now appears that Stewart, in like manner, is refusing to verify his petition for writ of habeas corpus herein after his omission was called to his attention by the Clerk. The law requires that applications for writs be signed and properly verified. It is also true that inadvertent oversights or omissions in the preparation or signing of pleadings does not deprive this court of jurisdiction as Stewart correctly points out. The distinguishing feature here and what sets this case apart from those cited in petitioner's pleading is that here petitioner is, for whatever reason, refusing to properly prepare or verify his habeas corpus pleadings. Unintentional oversight is one thing. Deliberate refusal to comply with the rules of civil procedure is quite another."

The district court was correct in its analysis.

Stewart bases his arguments on *Taylor v. McKune*, 25 Kan. App. 2d 283, 962 P.2d 566 (1998). In *Taylor*, the plaintiff timely filed a habeas corpus petition but failed to include verification, the proper fee, a poverty affidavit, or a list of prior civil actions. The district court did not file the plaintiff's petition, but sent it back to him requesting a correction of the problems or it would not file his petition. The plaintiff immediately remedied the deficiencies and the court filed his petition. Although the plaintiff's deficient petition was timely given to prison authorities for mailing to the district court, the court did not receive his petition until outside the 30-day requirement. The *Taylor* court held the delivery of a pro se habeas petition to prison authorities for mailing to the clerk of the district court constituted a filing within the meaning of K.S.A. 60-1501(b) and tolled the 30-day statute of limitations. 25 Kan. App. 2d 283, Syl. ¶ 1.

Stewart relies on *Taylor* for the court's discussion of the plaintiff's initial deficient petition.

"We have noted Taylor's petition was initially filed with no verification, no list of prior civil actions, no filing fee, and no poverty affidavit. While Taylor quickly remedied those deficiencies upon receiving the district court's order of noncom-

pliance, the question remains whether any of the deficiencies prevented the petition from being accepted by the clerk of the district court upon receipt. We conclude the answer is no; none of the deficiencies or omissions deprived the district court of jurisdiction. See *Avco Financial Services v. Caldwell*, 219 Kan. 59, 62-63, 547 P.2d 756 (1976) (jurisdiction is unaffected by the timing of the payment of a docket fee); *Patterson v. Patterson*, 164 Kan. 501, 504, 190 P.2d 887 (1948) (imperfect verification or lack of verification does not oust the court of jurisdiction)." 25 Kan. App. 2d at 288.

We understand the district court's attempts at screening petitions for writ of habeas corpus prior to filing in what appears to be an attempt to obtain complete statutory compliance or to save administrative costs. However, according to *Taylor*, the lack of a proper verification of a petition for writ of habeas corpus is not a jurisdictional defect. 25 Kan. App. 2d 283, Syl. ¶ 2. The clerk should have filed Stewart's unverified petition and then asked the court to send an order to correct the deficiencies. The court could then have instructed Stewart that if he did not correct the deficiencies set forth in the order of noncompliance, the case would be dismissed. In this way, the verifiction requirements of K.S.A. 2000 Supp. 60-1502 could have been complied with and the K.S.A. 2000 Supp. 60-1501 petition properly considered.

However, under the facts of this case, we have a different situation than we had in *Taylor*. Taylor, upon being informed of the deficiencies in his petition, corrected them. In the instant case, Stewart was informed of the deficiencies and refused to correct them. As stated above, the 60-1501 petition should have been filed and Stewart should have been given an opportunity to correct the deficiencies. However, since he refused to take the necessary steps after being informed of what he needed to do, under the facts of this case, the timing of the actual dismissal of his petition was not critical. The timing was important in *Taylor* as the statute of limitations had run between the time Taylor filed his original request and when he complied with the notice of the deficiencies. Here, there has been no compliance at all.

Since notice of the deficiencies was given to Stewart by the clerk, a formal order of noncompliance was not necessary. Had Stewart corrected the deficiencies after receiving the notice, *Taylor* would have applied.

Affirmed.