NOT DESIGNATED FOR PUBLICATION

No. 115,018

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KALAEFA STRAUGHTER,
*Appellant*,

v.

REX PRYOR, WARDEN; RAY ROBERTS,
SECRETARY OF CORRECTIONS; and
KANSAS PAROLE BOARD,
*Appellees*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed August 26, 2016. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*John Wesley Smith*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellees.


Before MALONE, C.J., HILL and ATCHESON, JJ.

*Per Curiam*:  Kalaefa Straughter, an inmate at the State prison in Lansing, has appealed the decision of the Leavenworth County District Court denying his challenge to the Prison Review Board's refusal to parole him. The Board's determination was neither arbitrary nor capricious, so the district court ruled correctly. We affirm.

Twenty years ago, when Straughter was 18 years old, he and two juveniles broke into a home intending to steal guns. They found no guns and wound up fighting with a man who lived there. According to Straughter, one of his accomplices fatally stabbed the

1

man. A jury sitting in Sedgwick County District Court convicted Straughter of felony murder, aggravated robbery, and aggravated burglary. The Kansas Supreme Court affirmed the convictions. *State v. Straughter*, 261 Kan. 481, 932 P.2d 387 (1997).

Straughter was paroled in June 2013. About 6 months later, Straughter was charged with two counts of domestic battery and one count of criminal damage to property in Wichita Municipal Court. According to the record evidence concerning that incident, Straughter came home drunk and punched his girlfriend. When her son attempted to intervene, Straughter punched him, too. Straughter also broke a door and smashed several holes in the walls of the residence.

Based on the incident, the Board held a parole revocation hearing in December 2013 at which Straughter admitted to being drunk but denied the other allegations. The Board found he engaged in assaultive behavior and consumed alcohol in violation of the terms of his parole and revoked his conditional release. Straughter did not challenge the revocation or his return to prison in court. The City of Wichita later dismissed the municipal court charges against Straughter.

In May 2014, the Board denied Straughter a second parole, citing the circumstances of his crimes of conviction, his failure on parole, and objections to his release. After unsuccessfully seeking reconsideration from the Board, Straughter filed a petition for habeas corpus in the district court challenging the Board's decision against paroling him, as permitted by K.S.A. 2015 Supp. 60-1501.

Upon receiving a response to the petition from the State, the district court denied Straughter relief. The district court relied on three reasons the State advanced:  (1) the petition was untimely under K.S.A. 2015 Supp. 60-1501(b); (2) the petition was moot; and (3) the Board's decision conformed to the governing legal requirements and was neither arbitrary nor capricious, see *Parks v. Kansas Prisoner Review Board*, No.

2

111,412, 2014 WL 5801346, at *2 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1047 (2015); *Galloway v. Kansas Parole Board*, No. 110,637, 2014 WL 2229548, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 300 Kan. 1103 (2014). Straughter has appealed.

On appeal, the State largely reprises the arguments it presented in the district court. We pass over untimeliness and mootness, since neither imposes a jurisdictional bar to our review. The time requirement in K.S.A. 2015 Supp. 60-1501(b) is in the nature of a statute of limitations and, thus, does not deprive a court of subject matter jurisdiction to hear a habeas corpus petition. See *Battrick v. State*, 267 Kan. 389, 401, 985 P.2d 707 (1999) (characterizing 30-day period in K.S.A. 2015 Supp. 60-1501 as statute of limitations); *Taylor v. McKune*, 25 Kan. App. 2d 283, 286, 962 P.2d 566 (1998). Mootness is a discretionary jurisprudential doctrine counseling against judicial review rather than a strict jurisdictional prohibition. See *State v. DuMars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007).

Turning to the merits, Straughter contends the Board failed to advance sufficient bases to justify its decision. As we have indicated, the Board cited three grounds. We put to one side Straughter's complaint about the "objections" to his release and need not consider it further.

Straughter says the Board could not have relied on his crimes of conviction because he was granted parole in 2013, so they were considered an insufficient basis to continue his incarceration then. But that misses the point of the Board's decision to deny him parole based on his changed circumstances in 2014. The nature of Straughter's criminal convictions properly inform that decision, and the Board may review them as one facet of the full picture depicting the consequences of granting parole—not only as the determination may affect Straughter's welfare but that of the general public.

3

Straughter engaged in an especially dangerous criminal enterprise when he and his cohorts broke into a residence ostensibly to take a trove of firearms. The enterprise turned violent, and an occupant of the residence wound up stabbed to death. That Straughter had been released from prison since then doesn't erase or negate those facts. The Board would have been remiss if it didn't consider them in conjunction with the behavior that caused Straughter's return to prison. He again engaged in conduct that produced violence. This time the violence wasn't nearly so severe, but Straughter was directly and personally responsible for it. He struck two people with whom he lived and damaged their home. The Board cannot be said to have acted arbitrarily or capriciously in taking account of the more immediate incident in light of Straughter's criminal history and reaching the result it did.

Contrary to Straughter's suggestion, the dismissal of the municipal court charges stemming from the 2013 incident makes no difference. Neither the Board's revocation of his parole nor its refusal to grant him a second parole was based on the disposition of the charges by conviction, acquittal, or dismissal. Those decisions rested on the facts of the incident prompting the filing of the charges.

Straughter has failed to impugn the legal sufficiency of the Board's decision.

Affirmed.