NOT DESIGNATED FOR PUBLICATION

No. 118,717

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONNIE LEE RODRIGUEZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed December 7, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*William C. Votypka*, deputy county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., LEBEN and BRUNS, JJ.

PER CURIAM: Donnie Lee Rodriguez filed a K.S.A. 60-1507 motion alleging that defense counsel at his probation revocation hearing was ineffective. The district court denied the motion without holding an evidentiary hearing. Rodriguez makes two arguments on appeal.

First, he argues that this court must remand the case because the district court failed to record the case management conference. But, appellate courts only remand cases due to missing records if the appellant can "demonstrate that despite a good faith effort it

1

is impossible to reconstruct the missing portion of the record and this precludes effective appellate review of the issues." *State v. Stafford*, 223 Kan. 62, 64, 573 P.2d 970 (1977). Rodriguez did not attempt to reconstruct a record of the case management conference. Additionally, when the district court does not hold an evidentiary hearing on a 60-1507 motion this court is in just as good of a position as the district court to determine the merits of the case by looking at the facts alleged in the motion and the record of the case. Thus, appellate review is not precluded and Rodriguez' first claim of error fails.

Second, Rodriguez argues that the court erred in denying his motion as untimely. We agree with Rodriguez that the record is unclear as to whether Rodriguez' motion was timely, and the district court should have considered the prison mailbox rule in determining the timeliness issue. However, this error does not require dismissal or remand because the district court had an alternate basis for its ruling—Rodriguez' motion failed to state a claim upon which relief can be granted. Rodriguez does not challenge this holding on appeal, so it is deemed waived or abandoned.

Moreover, we find that even if Rodriguez had properly challenged the court's alternative holding his challenge would have been unsuccessful because Rodriguez failed to show that defense counsel erred or that any error affected the outcome of the hearing. Accordingly, we affirm the decision of the district court.

FACTUAL AND PROCEDURAL HISTORY

In 2008, Rodriguez pled guilty to one count of aggravated indecent liberties with a child. Due to Rodriguez' criminal history, the conviction carried a presumptive standard sentence of 216 months in prison. The court imposed this sentence. But, the court also granted Rodriguez a downward dispositional departure, ordering him to attend Labette Conservation Camp and placing him on probation for 36 months with Community Corrections.

2

The State filed an affidavit alleging that Rodriguez violated the terms of his probation in September 2009. The district court held a hearing and determined that Rodriguez violated the terms of his probation by consuming alcohol. The court continued Rodriguez' probation. The State filed another affidavit in May 2010 alleging that Rodriguez again violated the terms of his probation. The district court held another hearing and determined that Rodriguez violated his probation by committing a new crime—failure to register. Rodriguez also violated the terms of his probation by failing to submit to drug and alcohol testing and by failing to report contact with a law enforcement officer. This time, the district court revoked Rodriguez' probation and ordered him to serve his underlying sentence. This court affirmed the district court's decision revoking Rodriguez' probation. *State v. Rodriguez*, No. 105,998, 2012 WL 1759421 (Kan. App. 2012) (unpublished opinion).

In May 2014, Rodriguez filed a 60-1507 motion in the district court of Finney County. Rodriguez argued that the prosecutor, district court judge, and defense counsel all violated his constitutional rights at his probation revocation hearing. Rodriguez took issue with "antics" by the prosecuting attorney "made solely to influence the trial." He asserted that the prosecutor "started crying and making statements about how terrible [Rodriguez'] actions were" during the probation violation hearing. This behavior, Rodriguez argued, was highly prejudicial. Rodriguez also argued that the district court judge presiding over the probation revocation hearing made factual and legal errors, including the imposition of an illegal sentence. Finally, Rodriguez argued that he had ineffective assistance from defense counsel. Rodriguez asserted that his defense counsel failed to object when the district court judge "stated he was not allowing a full hearing with a bunch of witnesses." Rodriguez believed that the "lack of witnesses to show mitigating circumstances fatally prejudiced [his] case." Rodriguez also argued that defense counsel should have objected to the prosecutor's behavior, the district court judge's incorrect recitation of the facts and law, and to his illegal sentence.

3

The district court issued an order denying relief on October 22, 2014. The order stated that "the issues were discussed, and the applicable law was explored" during a case management conference held on September 12, 2014. At the conclusion of that conference, the district court judge stated it would prepare the order setting out its ruling. The case management conference was not recorded. The district court entered its order, as promised, and listed three reasons for denying Rodriguez' motion. First, the court ruled that the 60-1507 motion should be dismissed as untimely. Second, the court ruled that extension of the time limit was not necessary to prevent manifest injustice. Third, the district court ruled that the motion did not present a factual basis to support Rodriguez' allegation that his constitutional rights had been violated.

The following day, the district court received a letter from Rodriguez. In the letter, Rodriguez said that he understood "that the State [was] attempting to have [his motion] dismissed on procedural grounds alleging untimely filing." Then, Rodriguez stated he would like to bring the "'prison mailbox rule'" to the attention of the court. Under this rule, he asserted, "any filing is deemed filed when placed in the possession of prison authorities for mailing." Rodriguez concluded by stating that he gave his motion to prison officials within the one-year limitations period. While Rodriguez likely sent this letter before the district court issued its opinion, the letter did not arrive until after the court issued its opinion. The district court did not address the letter in its order denying relief.

Rodriguez appealed.

ANALYSIS

Rodriguez argues that this case should be remanded because the district court failed to record the case management conference held on September 12, 2014. He also argues that the case should be remanded to determine whether he timely filed his 60-1507 motion.

4

*Our standard of review is de novo.*

When the district court summarily denies a motion filed under K.S.A. 60-1507, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). Likewise, when the district court denies a 60-1507 motion based only on the motions, files, and records after a preliminary hearing, the appellate court is in just as good a position as the district court to consider the merits and our standard of review is still de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014). It is only after a full evidentiary hearing on a 60-1507 motion that the district court must issue findings of fact and conclusions of law concerning all issues presented. See Supreme Court Rule 183(j) (2018 Kan. S. Ct. R. 223). An appellate court reviews the court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. Even so, appellate review of the district court's ultimate conclusions of law is de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

The first issue is determining the appropriate standard of review. As Rodriguez notes, the court held a case management conference before issuing its opinion in this case. The case management conference was not recorded and is not a part of the record. In its order, the district court stated that the parties discussed the issues and the applicable law at the conference. Rodriguez argues that this court cannot accomplish a meaningful review of the record due to the lack of record of this conference. He cites the standard of review that applies when the district court conducts an evidentiary hearing, and he argues that this court "has no record to review whether or not there was substantial competent evidence found by the District Court, much less whether it would support any conclusion of law made by the District Court."

The problem with Rodriguez' argument is that this court is only required to give deference to the district court's factual findings when there is an evidentiary hearing. There was not an evidentiary hearing in this case. The district court specifically stated in its order that there was "nothing that justified an evidentiary hearing or inquiry." Because the district court did not make factual findings, this court is in just as good as a position as the district court to consider the merits of Rodriguez' claims. See *Grossman*, 300 Kan. at 1061. The lack of a record of a preliminary hearing does not deprive this court of the ability to consider the merits of Rodriguez' claims because all of the facts relevant to the claims are in his motion and the record. Therefore, this court exercises unlimited review of his appeal.

*Failure to record the case management conference does not require remand.*

Rodriguez maintains that the district court's failure to record the case management conference requires this court to remand his case. He argues that this result is required because the district court violated Supreme Court Rule 183(f). This rule provides that when the district court holds a hearing on a K.S.A. 60-1507 motion, the hearing "must be recorded in a manner approved by the court." Supreme Court Rule 183(f) (2018 Kan. S. Ct. R. 225). He also argues that the court's failure to record the hearing violated his procedural due process rights of notice and an opportunity to be heard.

"Whether due process has been afforded presents a question of law over which an appellate court has unlimited review." *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

Rodriguez does not cite any caselaw in support of his argument that the district court's failure to record the hearing mandates remand. The State, on the other hand, cites several cases where failure to record a hearing did not require remand. The State also cites Supreme Court Rule 3.04(a) (2018 Kan. S. Ct. R. 23). This rule provides:

6

"(a) Transcript. If the transcript of a hearing or trial is unavailable, a party to an appeal may prepare a statement of the evidence or proceedings from the best available means, including the party's own recollection, for use instead of a transcript. The statement must be served on all parties, who may serve an objection or proposed amendment not later than 14 days after being served. The statement and any objection or proposed amendment then must be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the clerk of the district court in the record on appeal." Supreme Court Rule 3.04(a) (2018 Kan. S. Ct. R. 23).

In *Stafford*, 223 Kan. 62, the Kansas Supreme Court held that the State's failure to provide a full transcript of the defendant's trial did not entitle the defendant to a new trial per se. In order to get a new trial, the defendant had to "demonstrate that despite a good faith effort it is impossible to reconstruct the missing portion of the record and this precludes effective appellate review of the issues." 223 Kan. at 64; see also *State v. Holt*, 298 Kan. 531, 538, 314 P.3d 870 (2013) ("Appellants seeking reversal on the grounds that they are denied due process because of an inaccurate or incomplete transcript must make the best feasible showing possible that a complete and accurate transcript might have changed the outcome of the appeal.").

Here, Rodriguez did not attempt to reconstruct the record. An accurately reconstructed transcript would not have violated due process rights because "[a] defendant does not have a constitutionally protected right to a totally accurate transcript of . . . criminal proceedings." 298 Kan. at 538. Rodriguez also failed to explain how the lack of a record precludes appellate review. As discussed above, the district court did not make any factual findings to which this court must give deference. Moreover, this court is in just as good of a position as the district court to rule on the merits of the action. Therefore, the lack of record of the case management conference does not require remand in this case.

7

*It is unclear whether Rodriguez' motion was timely filed.*

Next, Rodriguez argues that the case should be remanded so that the district court can reconsider the timeliness of his motion. The appeal of Rodriguez' probation revocation case was final on April 4, 2013. Rodriguez had to file his 60-1507 motion within one year of that date for it to be deemed timely. K.S.A. 60-1507(f). Rodriguez signed his motion and had it notarized on March 27, 2014. He asserts that he then gave the motion to prison officials for mailing. However, the motion was not filed with the district court until May 7, 2014. The district court focused on the May 7, 2014 date in its holding that the motion was untimely filed. Rodriguez argues that the district court should have considered the prison mailbox rule, under which a habeas petition is deemed filed on the date it is delivered to prison officials for mailing. *Taylor v. McKune*, 25 Kan. App. 2d 283, Syl. ¶ 1, 962 P.2d 566 (1998).

The prison mailbox rule was recognized by this court in *Taylor*. 25 Kan. App. 2d 283, Syl. ¶ 1. That case is distinguishable because it dealt with the 30-day statute of limitations for habeas corpus petitions filed pursuant to K.S.A. 60-1501. However, this court has applied the rule to K.S.A. 60-1507 motions in several unpublished cases. *Dixon v. State*, No. 94,866, 2007 WL 518860, at *3 (Kan. App. 2007) (unpublished opinion); *Butler v. State*, No. 93,564, 2006 WL 399141, at *1 (Kan. App. 2006) (unpublished opinion); *Eteeyan v. State*, No. 94,547, 2006 WL 2439989, at *5 (Kan. App. 2006) (unpublished opinion); *Jones v. State*, No. 93,239, 2005 WL 2416069, at *2-3 (Kan. App. 2005) (unpublished opinion).

In *Jones*, the limitations period for Charles Jones' 60-1507 motion commenced on July 1, 2003. Jones filed a request with prison officials to approve the mailing of his motion on June 29, 2004. A unit team supervisor approved the request on June 30, 2004, and the accounting department approved it on July 1, 2004. However the motion was not filed with the district court until July 9, 2004. The district court dismissed Jones' motion

as untimely and Jones appealed. This court applied the prison mailbox rule and held that "the effective date of filing a 60-1507 motion is the date upon which the inmate delivers the motion to prison officials for filing with the district court clerk." 2005 WL 2416069, at *3. The court noted that Jones "requested postage on June 29, 2004, which was approved by the accounting department on July 1, 2004." 2005 WL 2416069, at *3. But, the court was unable to determine "when Jones actually delivered his 60-1507 motion to prison authorities." 2005 WL 2416069, at *3. This court remanded the case "for a determination of the date upon which the motion was delivered to prison authorities." 2005 WL 2416069, at *3.

In other cases, this court has found that a motion is timely filed based on similar facts. In *Eteeyan*, the one-year statute of limitations for Abyah Eteeyan's 60-1507 motion ran on July 1, 2004. Eteeyan's motion was not filed with the district court until July 2, 2004. The State argued that Eteeyan's motion was untimely, but this court disagreed. It noted that Eteeyan "requested postage for his 60-1507 motion on June 28, 2004, and his request was approved on June 30, 2004." 2006 WL 2439989, at *5. The court concluded that this was sufficient to show that Eteeyan delivered his motion to prison officials prior to July 1, 2004. 2006 WL 2439989, at *5. Similarly, in *Dixon*, the district court dismissed Cain Dixon Jr.'s 60-1507 motion for failing to file it before the statute of limitations ran on July 1, 2004. This court reversed, stating: "Here, the record reveals that Dixon's 60-1507 motion was notarized on June 29, 2004, and that on June 30, 2004, he requested money be withdrawn from his account for the Sedgwick County District Court. Under those facts, we would find the motion was timely filed." 2007 WL 518860, at *3.

Rodriguez' motion was notarized several days before his 60-1507 motion became time-barred. However, from the record it is unclear when he actually delivered the motion to prison officials. He said in his letter that he delivered it to prison officials within the one-year limitation period. But unlike in *Eteeyan* or *Dixon*, there are no prison

9

records showing a request for postage. Thus, like in *Jones*, the record is unclear as to when Rodriguez actually delivered his motion to prison authorities.

*Rodriguez' claim regarding timeliness fails because he neglected to challenge the alternative basis the district court gave for denying his motion.*

If the district court's sole basis for denying Rodriguez' motion had been untimeliness, then this court would remand the case to determine the date that Rodriguez gave the motion to prison officials. However, the district court had an alternate basis for denying Rodriguez' motion—he failed to state a claim upon which relief could be granted. Rodriguez does not address this holding in his brief. The State argues that an appellant's failure to address all of the alternative grounds for the district court's judgment renders the issues on appeal academic and unassailable. See *Greenwood v. Blackjack Cattle Co.*, 204 Kan. 625, 627-28, 464 P.2d 281 (1970) (when district court's decision is based on alternative grounds, appellant's failure to challenge all grounds on appeal "renders unnecessary" a decision on the issue raised). Likewise, as the State argues, issues not adequately briefed are deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

The State's argument is persuasive. Because Rodriguez did not challenge the district court's alternative holding on the merits, the district court's holding must be affirmed.

*Even examining the merits of Rodriguez' claim, his claim still fails.*

Even if Rodriguez had challenged the district court's holding, his attempt would not have succeeded.

10

The first problem with Rodriguez' motion is that it alleges errors that could have been corrected on direct appeal. "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." Supreme Court Rule 183(c)(3) (2018 Kan. S. Ct. R. 224). Rodriguez argued that the prosecutor's "antics" prejudiced his right to a fair trial. Prosecutorial error is an issue that can be raised on direct appeal. See *State v. Sherman*, 305 Kan. 88, 90, 378 P.3d 1060 (2016) (raising prosecutorial error on direct appeal). Rodriguez also argued that the district judge made errors of law or fact and refused to allow him to call witnesses. This too can be raised on direct appeal. See *State v. McFeeters*, 52 Kan. App. 2d 45, 47-48, 362 P.3d 603 (2015) (reviewing a decision to revoke probation for abuse of discretion, which includes determining whether the district court made an error of law or fact).

Rodriguez' ineffective assistance of counsel argument could not be raised on direct appeal. *State v. Van Cleave*, 239 Kan. 117, 119, 716 P.2d 580 (1986). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the court would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882. An analysis of the issues Rodriguez raised in his 60-1507 motion shows that he failed to establish ineffective assistance of counsel.

Rodriguez' first argument was that defense counsel erred by failing to object "[w]hen the Judge at the probation violation hearing stated he was not allowing a full hearing with a bunch of witnesses." Rodriguez took the judge's comment out of context. After a full hearing where Rodriguez was able to call witnesses, the district court found that Rodriguez violated his probation. Due to time constraints, the judge had to continue the case before giving a disposition. The judge explained that he was not continuing the disposition "so we can have a massive hearing with everybody testifying." Defense

counsel did not err by failing to object to this statement because Rodriguez had his opportunity to call witnesses at the probation violation hearing.

Rodriguez next argued that his sentence is illegal and that the defense attorney should have pursued his interests in correcting the illegal sentence. The facts in this section are unclear, so it is difficult to ascertain why Rodriguez believed his sentence was illegal. However, this court has already reviewed Rodriguez' sentence and found that it was in conformity with the law. *Rodriguez*, 2012 WL 1759421, at *1-3. Thus, defense counsel did not err.

Third, Rodriguez argued that defense counsel was ineffective for "fail[ing] to object when the trial judge of the probation violation hearing stated that he was knowledgeable of the case even though he had not cited any of the facts correctly during the first hearing, and was not the trial judge, nor the sentencing judge." Rodriguez does not explain which facts the judge was incorrect about. A review of the record does not expose any obvious or prejudicial mistakes. Without more, Rodriguez' conclusory allegation does not establish that defense counsel was ineffective. See *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007) ("[A] movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record.").

Fourth, Rodriguez asserted that the district court judge cited incorrect law before revoking his probation. Rodriguez characterized the judge's statement of law as "stating that his options were to reinstate the probation or impose the original sentence." Rodriguez argued that defense counsel erred by failing to object to this statement because "he knew or should have known that the Judge was allowed to sentence [him] anywhere from the original sentence or time served or any place inbetween [*sic*]." The record of the probation revocation hearing does not show that the judge made such a comment.

12

Additionally, defense counsel did in fact state that "the Court has the power to order the defendant to serve the original sentence imposed or may impose a lesser sentence." Then, defense counsel asked the court to impose a sentence lesser than the original 216-month sentence if it denied Rodriguez' request to remain on probation. This shows that defense counsel did exactly what Rodriguez now complains he should have done. There is no error.

Fifth, Rodriguez argued that "[d]efense counsel failed to call as witness the victim in the case even though he was aware of her willingness, even eagerness to testify in [Rodriguez'] behalf." The victim in this case was a 14-year-old girl who Rodriguez impregnated. There is no argument as to what the victim would have said or how her statement would have affected the outcome of the case. Without these facts, it is not possible to determine that defense counsel's performance was deficient.

Finally, Rodriguez argued that defense counsel should have objected to the prosecutor's comments during the probation revocation hearing. Rodriguez states that the "prosecutor broke down in tears and made several comments that were basically testimony, and an effort to emotionally influence the Court, which is illegal and unethical." The record does not support Rodriguez' assertion on this point. During the probation violation adjudication hearing, the prosecutor recited the testimony of the witnesses and asked the court to find that Rodriguez violated his probation. At the disposition hearing, the prosecutor asked the district court to revoke Rodriguez' probation and explained why the State did not think that probation was a viable option. From the record, it does not seem that the prosecutor made any inappropriate statements. Thus, there was nothing for defense counsel to object to.

Even if defense counsel did err, Rodriguez failed to show that there was a reasonable probability the court would have reached a different result. The district court judge in the underlying case cited several reasons for revoking Rodriguez' probation. The

13

primary reason was because Rodriguez committed a new crime—failure to register. Rodriguez also failed to submit to drug and alcohol testing and he did not report contact he had with a law enforcement officer. This court affirmed the district court's decision revoking Rodriguez' probation on appeal. *Rodriguez*, 2012 WL 1759421, at *4. None of the errors that Rodriguez alleges affect the basis for the district court's ruling. He does not dispute that he committed a new crime on probation or that he committed the other violations.

*Conclusion*

In conclusion, Rodriguez' motion may or may not have been timely. The district court should have considered the prison mailbox rule. But it is unnecessary to remand the case because the district court's decision on the merits was correct. The record conclusively shows that Rodriguez is not entitled to relief. K.S.A. 60-1507(b). The district court's decision is affirmed.

Affirmed.