NOT DESIGNATED FOR PUBLICATION

No. 120,311

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY L. ANTALEK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 24, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN and WARNER, JJ.

PER CURIAM:  This appeal asks us to decide whether a district court can dismiss an inmate's uncounseled habeas corpus motion for failure to pay the docket fee or submit an inmate account statement when the clerk has not notified the inmate of that deficiency. Under the facts here, where the inmate knew he was required to submit the account statement and did not do so, we hold the court can legally dismiss his motion. Thus, we affirm.

1

*Combined case history*

In 2009, a jury convicted Antalek of attempted first-degree murder, aggravated assault, and two counts of aggravated criminal sodomy. He is now serving a long prison sentence. This court affirmed his convictions and our Supreme Court denied his petition for review. The mandate was filed on April 1, 2013. *State v. Antalek*, No. 104,494, 2012 WL 2148162 (Kan. App. 2012) (unpublished opinion).

In June 2014, Antalek filed a pro se motion to correct an illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). Helped by counsel, Antalek filed a subsequent motion to correct an illegal sentence based on *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd by* 301 Kan. 1018, 350 P.3d 1054 (2015). The district court denied these motions and this court affirmed. Again, our Supreme Court denied review. *State v. Antalek*, No. 114,033, 2016 WL 4063971 (Kan. App. 2016) (unpublished opinion).

*Antalek seeks habeas corpus relief.*

After the denial of his motion to correct his sentence, on February 16, 2018, Antalek submitted to prison authorities for mailing a K.S.A. 60-1507 motion raising several sentencing issues. He included a motion to proceed in forma pauperis and a poverty affidavit along with the K.S.A. 60-1507 motion. The motions and poverty affidavit were file stamped by the district court clerk on February 27, 2018. The clerk wrote a letter to Antalek also dated February 27, 2018, explaining that his K.S.A. 60-1507 motion was filed, assigned a case number, and forwarded to a judge for review, but that Antalek must file a certified inmate account statement with the court within 30 days or his motion may be dismissed under K.S.A. 60-2001(a)-(b). But there is no indication in the record if or when the letter was mailed to Antalek.

2

In this K.S.A. 60-1507 motion, Antalek claimed to have previously filed a K.S.A. 60-1507 motion in Sedgwick County challenging his conviction for which he had only recently been appointed an attorney and stating that the motion had not yet been heard or decided. There is no other information in the record or the briefs about the previous motion.

The district court summarily dismissed the motion on April 12, 2018, "for failure to comply with statutes, no inmate statement or filing fee provided." On April 20, 2018, Antalek moved to reconsider. Essentially, he stated that although he knew a certified inmate account statement was required because he had filed a prior K.S.A. 60-1507 motion, he expected that the court would again advise him of the requirement:

> "1.     I have previously filed a 60-1507 motion, which is now in the hands of Attorney Rodger Falk. In filing that motion challenging matters of the conviction, the court notified me that they needed a certified copy of my inmate account statement, for which I complied.
> "2.     In filing this second 60-1507 challenging matters of my sentence, I had no instructions, only the previous motion to guide me.
> "3.     I expected the court would again advise me but have received no letters from the court."

He stated he did not receive the clerk's letter dated February 27, 2018, until April 16, 2018. He stated that the U.S. postage date on the letter was April 12, 2018, but the envelope is not in the record.

The district court denied the motion to reconsider because Antalek had no right to rely on a reminder from the clerk to file an inmate account statement, especially given his experience filing the same:

3

"Based on the movant's stated experience with filing motions pursuant to KSA 60-1507 it is apparent that he is familiar with the filing requirements and cannot rely upon reminders sent by the court or lack thereof, on how to complete a filing of the same nature as previously filed.

"Furthermore, the movant acknowledges that he has filed a prior motion pursuant [to] KSA 60-1507. Mr. Antalek has no right to file such multiple motions."

Antalek appeals. In his notice of appeal, Antalek for the first time alleged that he had been having trouble getting his inmate account statement since February 20, 2018.

*Did the court err when it dismissed Antalek's motion?*

To us, Antalek argues that his motion was filed when delivered to the prison authorities for mailing and that his nonpayment of the filing fee did not prevent consideration of his motion on the merits. To answer this question, we must examine the filing fee statutes and review several cases that deal with the subject. They lead us to conclude that the district court could dismiss this motion.

To file a civil action in district court, plaintiffs must pay a docket fee. "Except as otherwise provided by law, no case shall be filed or docketed in the district court, whether original or appealed, without payment of a docket fee." K.S.A. 2017 Supp. 60-2001(a). There is an exception for indigent plaintiffs.

Instead of the docket fee, plaintiffs unable to pay the fee may file a poverty affidavit so stating. But an inmate in the custody of the Secretary of Corrections "may file a poverty affidavit *only if*" the inmate attaches a certified inmate account statement. (Emphasis added.) K.S.A. 2017 Supp. 60-2001(b)(1). On receipt of the affidavit and account statement the court then determines the fee to be assessed, which shall not be less than $3. K.S.A. 2017 60-2001(b)(1). If the court finds a plaintiff's allegation of poverty is

4

untrue, "the court shall direct the plaintiff to pay the docket fee or dismiss the petition *without prejudice*." (Emphasis added.) K.S.A. 2017 Supp. 60-2001(b)(3).

The Legislature, by enacting a docket fee, wanted to make all litigants—inmates as well as those not in prison—weigh the relative merits and risk of litigation before deciding to sue. Obviously, K.S.A. 2017 Supp. 60-2001(b) sets a uniform minimum docket fee for inmates to deter them from filing meritless motions and to make them accountable for their decisions and thereby preserve limited judicial resources. *Smith v. McKune*, 31 Kan. App. 2d 984, Syl. ¶¶ 6, 10, 76 P.3d 1060 (2003).

But the payment of the docket fee is not jurisdictional because payment of the fee affects only the clerk of the court, not the adverse party. The time within which a docket fee is paid is secondary to actual payment. *Avco Financial Services v. Caldwell*, 219 Kan. 59, Syl. ¶ 1, 547 P.2d 756 (1976). Thus, the fact that an inmate's K.S.A. 60-1507 motion is submitted without the required filing fee or appropriate poverty affidavit does not deprive the district court of jurisdiction. See *Taylor v. McKune*, 25 Kan. App. 2d 283, Syl. ¶ 2, 962 P.2d 566 (1998). What is more, a pro se inmate's motion is considered filed upon delivery to prison authorities. *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015).

Three cases that deal with the subject of inmates and pro se habeas corpus motions offer us guidance in our analysis. They are *Wilson v. State*, *Taylor v. McKune, and Peterson v. State.* We review their facts and their holdings in that order.

First, in *Wilson v. State*, 40 Kan. App. 2d 170, 192 P.3d 1121 (2008), this court set out the procedure to be followed when an inmate submitting a K.S.A. 60-1507 motion does not pay the docket fee or file a poverty affidavit and certified inmate account statement, but requests to proceed in forma pauperis:  file the motion and dismiss it later if the inmate does not comply.

5

"[R]ather than holding a movant's motion until he or she has paid the docket fee, a district court clerk should file the motion. This would allow the district court judge to dismiss the action if the movant later fails to pay the docket fee or fails to file a poverty affidavit in compliance with K.S.A. 60-2001(b)." 40 Kan. App. 2d at 176-77.

In *Wilson*, Wilson mailed his K.S.A. 60-1507 motion within the one-year time limit and requested to proceed in forma pauperis. The clerk informed Wilson that he needed to file a certified inmate account statement and his motion would not be filed until he complied. The clerk gave him 30 days to comply. About a month later the court denied his motion to proceed in forma pauperis and set the docket fee at $147. The court received his docket fee about three weeks later. But the district court later dismissed Wilson's K.S.A. 60-1507 motion as untimely because it was filed outside the one-year time limit. This court reversed and held that Wilson substantially complied with K.S.A. 60-2001(b) when he showed he wanted to proceed in forma pauperis. Thus, Wilson timely filed his motion; the court clerk should not have refused to file the motion because Wilson failed to provide a docket fee or poverty affidavit. 40 Kan. App. 2d at 175-76.

Next, in *Taylor v. McKune*, 25 Kan. App. 2d 283, Taylor's K.S.A. 60-1501 habeas corpus petition was dismissed as untimely because the district court did not consider the petition to be filed until a list of deficiencies was corrected, including his failure to pay the filing fee or submit a poverty affidavit. This court reversed the dismissal, holding that Taylor's delivery of the petition to prison authorities for mailing constituted a filing. The court noted that upon receiving the district court's order of noncompliance, Taylor "quickly remedied those deficiencies." 25 Kan. App. 2d at 288.

Finally, in *Peterson v. State*, No. 108,332, 2013 WL 3970189 (Kan. App. 2013) (unpublished opinion), Peterson mailed his K.S.A. 60-1507 motion before the one-year time limit and conveyed he wanted to proceed in forma pauperis. The court clerk asked Peterson to pay a $3 docket fee before the case would be filed. Peterson paid the $3 fee

6

"in due course" three to four weeks later. But the district court dismissed the motion as untimely filed. A panel of this court reversed because Peterson's failure to the pay $3 minimum docket fee did not bar an otherwise timely filing of his K.S.A. 60-1507 motion. 2013 WL 3970189, at *1-3.

In all three of those cases, the clerk refused to file an inmate's K.S.A. 60-1507 motion because of the inmate's failure to comply with K.S.A. 60-2001. After the clerk notified the inmate of the noncompliance, the inmate remedied the deficiencies and the motion was filed, but the motion was dismissed by the district court as untimely filed. This court reversed each case because the motions were timely filed. The principle that arises in these cases is that the clerk should give the inmate notice of any procedural noncompliance and a chance to comply. See *Stewart v. Secretary of Corrections*, 29 Kan. App. 2d 411, Syl. ¶ 2, 27 P.3d 932 (2001).

Upon receiving Antalek's K.S.A. 60-1507 motion and request to proceed in forma pauperis, the clerk here promptly filed his motion. Antalek's motion was not dismissed as untimely filed but was dismissed because he never remedied the deficiency by submitting a docket fee or an inmate account statement. This was the correct procedure according to *Wilson*.

Antalek's case is more like *Smith*, where Smith sued the Kansas Department of Corrections. The district court notified him that he needed to file an application to proceed in forma pauperis, pay $3, and send a certified copy of his inmate account statement or pay a docket fee of $101. Smith filed the requested documents but did not pay the $3 fee. The district court dismissed Smith's petition for failure to pay the fee. This court held that although Smith had the ability to pay the mandatory minimum $3 docket fee, he refused to do so. Thus, the district court correctly interpreted and applied K.S.A. 60-2001(b)(1) by dismissing Smith's lawsuit for his refusal to pay the $3 docket fee. 31 Kan. App. 2d at 989.

7

As in *Smith*, Antalek did not comply with K.S.A. 60-2001 and the district court dismissed the action for that reason. Unlike in *Smith*, though, Antalek disputes that he was given notice by the court clerk that he needed to file the inmate account statement and an opportunity to correct the deficiency. The district court did not find that Antalek was given notice—the court instead ruled that Antalek could not rely on notice from the court because he had experience filing K.S.A. 60-1507 motions. The issue is whether the clerk had to notify Antalek that he needed to file a certified inmate account statement before the court could dismiss his motion for failure to pay the docket fee?

We hold that dismissal of Antalek's motion was permissible. The statute does not require the court to notify an inmate that he or she must file a certified account statement. But more important here was the fact that Antalek knew he had to file the certified inmate account statement but failed to do so. After all, he had filed a prior motion for relief and filed the statement in that case. And the district court did not dismiss the motion until almost two months after Antalek filed it, giving him ample time to comply. Moreover, a dismissal under K.S.A. 2017 Supp. 60-2001 is without prejudice. The timeliness of Antalek's motion was not affected by the district court's action because the one-year time limit had long run (his direct appeal was final on April 1, 2013). See K.S.A. 2017 Supp. 60-1507(f)(1)(A).

Affirmed.