NOT DESIGNATED FOR PUBLICATION

No. 124,473

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL LIMBURG,
*Appellant*,

v.

SPIRITUAL LIFE CENTER;
RIGHT TRACK FOUNDATION;
CHAPLAIN VALLIER;
CHAPLAIN BAILEY;
KANSAS DEPARTMENT OF CORRECTIONS;
WARDEN LANGFORD;
and
PROGRAM DIRECTOR MRS. GRAVES,
*Appellees*.


MEMORANDUM OPINION

Appeal from Ellsworth District Court; CAREY L. HIPP, judge. Opinion filed August 26, 2022. Affirmed.

*Bradley T. Steen*, of Law Office of B. Truman Steen, LLC, of Ellsworth, for appellant.

*Robert E. Wasinger*, legal counsel, of Ellsworth Correctional Facility, for appellees.

Before HILL, P.J., MALONE, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: The law requires inmates to exhaust all administrative remedies before they can file a habeas corpus action constitutionally challenging any shocking and intolerable conduct or continuing mistreatment they endure in prison. Inmate Michael Limburg failed to attach proof that he had exhausted his administrative remedies to his

1

habeas corpus petition and the district court dismissed his petition for want of jurisdiction. That is a correct ruling and we affirm.

*Limburg complains about how prison officials treat his religious group.*

Limburg is an inmate at the Ellsworth Correctional Facility and a member of a Wiccan religious group. He filed this K.S.A. 60-1501 petition suing several respondents, including: the Spiritual Life Center, the Right Track Foundation—which appears to be the governing body that runs religious programming at the Center—and the Kansas Department of Corrections. Limburg also sued several Correctional Facility employees who run the Center. In his 14-count petition, Limburg asserted the Respondents violated his civil religious liberties in various ways.

To support his claims, Limburg included various documents showing his requests to the Center staff members and his efforts at raising some grievances through the administrative procedures for most of the alleged violations.

In response, all of the Respondents moved to dismiss his petition. Based on the documents attached to his petition, the Respondents alleged that several counts were untimely because Limburg had failed to file his petition within 30 days of exhausting administrative remedies on some counts. They claimed that all remaining counts should be dismissed because Limburg failed to show he exhausted administrative remedies. On count 3—alleging that the Respondents destroyed legal paperwork and religious items from the Wiccan group's storage locker—the Respondents agreed that Limburg "partially grieved . . . in ECF Grievance 5562." In other words, they did not admit they destroyed anything, but they did admit Limburg had filed a partial grievance about that issue.

The district court granted the Respondents' motion to dismiss. On nine of the counts, the court found that Limburg had either failed to exhaust administrative remedies

or failed to prove that he had exhausted those remedies before filing his petition. Then, the court found that the five remaining counts were untimely filed and therefore had to be dismissed. The court specifically held that the time for filing those five counts had expired before both the pandemic and the Kansas Supreme Court's suspension of the statutory deadlines due to the COVID-19 pandemic.

Limburg raises one issue on appeal. He argues that the district court erred in dismissing his petition without allowing him to prove that he had exhausted administrative remedies on the counts the court dismissed. Limburg does not challenge the court's dismissal of the remaining counts for being untimely. Our rule on this is well settled. An issue not briefed is considered waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). Thus, by failing to brief those claims, we find that Limburg has abandoned any challenge to the dismissal of the untimely filed counts.

*A review of several legal points is helpful now.*

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2021 Supp. 60-1503(a). An appellate court exercises de novo review of a summary dismissal. 289 Kan. at 649.

But before an inmate in the custody of the Secretary of Corrections may file a civil action against the State, a political subdivision of the State, or a public official, the inmate must exhaust any administrative remedies and show proof that the administrative remedies have been exhausted. See K.S.A. 75-52,138; *Sperry v. McKune*, 305 Kan. 469,

482, 384 P.3d 1003 (2016). Limburg believes that the district court should have allowed him to prove that he had exhausted administrative remedies before dismissing his petition.

This court has required strict compliance with the exhaustion requirement. See *Laubach v. Roberts*, 32 Kan. App. 2d 863, 868-70, 90 P.3d 961 (2004). Here, the district court dismissed Limburg's petition on the relevant counts because he failed to meet the exhaustion requirement for most of the counts in his petition—specifically counts 3, 6-9, and 11-14.

We agree with the district court. We find that Limburg's petition was properly dismissed because the failure to exhaust administrative remedies is a jurisdictional barrier to bringing the case. See, e.g., *Smith v. Bruce*, No. 102,110, 2009 WL 3428823, at *4-5 (Kan. App. 2009) (unpublished opinion) (dismissing habeas corpus petition on jurisdictional grounds for failing to exhaust administrative remedies).

Limburg relies on three cases for support: *Griffin v. Gilchrist*, 33 Kan. App. 2d 233, 236, 100 P.3d 99 (2004); *Stewart v. Secretary of Corrections*, 29 Kan. App. 2d 411, 413, 27 P.3d 932 (2001); and *Taylor v. McKune*, 25 Kan. App. 2d 283, 288, 962 P.2d 566 (1998). All three of those cases dealt with the treatment of technical details found in K.S.A. 60-1502. Exhaustion of administrative remedies is not a requirement of K.S.A. 60-1502—it is a requirement of K.S.A. 75-52,138. That statutory requirement creates a jurisdictional barrier that any petitioner must meet before bringing a habeas corpus petition under K.S.A. 60-1501.

The district court correctly dismissed Limburg's petition.

Affirmed.